In re Frank J. GARNER, Jr., Debtor.

John R. HENSON and Coy R. Grogen, Appellees,

v.

Frank J. GARNER, Jr., Appellant.

No. 88–1991.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1988.

Decided Aug. 9, 1989.

Rehearing Denied Sept. 12, 1989.

**580**

Larry Sells, Kansas City, Mo., for appellant.

Douglas M. Neeb, Kansas City, Mo., for appellees.

Before HEANEY * and FAGG, Circuit Judges, and HANSON,** Senior District Judge.

HEANEY, Circuit Judge.

This case addresses the preclusive effect of an earlier civil jury determination of fraud on a subsequent bankruptcy proceeding under section 523(a) of the Bankruptcy Code. The bankruptcy court held that the earlier trial precluded redetermination of the issue of fraud, and the district court adopted the bankruptcy court's view. We reverse because the earlier proceeding used a lesser standard of proof.

## I. BACKGROUND

The underlying case was tried before a jury in United States District Court for the Western District of Missouri. The jury found that Frank Garner had committed common law fraud; breached a fiduciary duty owed to the appellees; and violated section 10(b) of the Securities Exchange Act of 1934. The jury awarded actual damages on all three counts and punitive damages on the fraud count. Garner appealed to this Court. We affirmed but reduced the amount of damages recovered. *Grogan v. Garner*, 806 F.2d 829 (8th Cir.1986).

On October 21, 1985, the appellant filed a petition for relief under Chapter 11 of the Bankruptcy Code and listed the above judgment as a dischargeable debt. On May 7, 1986, the appellees filed an application for an exception to discharge, alleging that the judgment was a debt obtained by fraud under 11 U.S.C. § 523(a)(2). At trial in the bankruptcy court, the appellees presented, *inter alia*, the jury verdict, the district court's judgment in their favor, and rested. The appellant testified that he had not committed a fraud. The bankruptcy court ruled that the fraud issue had been litigated to a valid and final judgment at the earlier jury trial and, therefore, the debtor was collaterally estopped from relitigating the fraud issue. For this reason, the bankruptcy court ruled that the judgment against the appellant was nondischargeable under section 523(a)(2)(A).

The debtor contended below that, while the same elements were applied, a lesser standard of proof was used in the initial fraud proceeding than is required to prove fraud under federal bankruptcy law.[1] Specifically, the creditors were permitted to establish fraud, at the first trial, by the preponderance of the evidence. At a dischargeability proceeding in bankruptcy, one must establish the elements of fraud, the appellant argues, by clear and convincing evidence. Thus, the appellant argues that he is entitled to a new trial on the issue of fraud.

---

* The Honorable Gerald W. Heaney assumed senior status on December 31, 1988.

** The HONORABLE WILLIAM C. HANSON, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. While the standard of proof may differ, a careful examination of state law and the jury instructions used in this case reveals that the elements of fraud for Missouri common law purposes and federal bankruptcy purposes are the same. For the elements of fraud under federal law, see *Sweet v. Ritter Fin. Co.*, 263 F.Supp. 540 (W.D.Va.1967). Both require a rep- resentation that was false and that the person committing the fraud had knowledge of the falsity. In addition, both require that the person asserting fraud materially relied on the representation and that this reliance proximately caused damage. The identical substantive issues were thereby resolved. The other requirements for collateral estoppel are also present. The issue of fraud was actually litigated and was not part of a stipulated, consent or default judgment. The underlying judgment was final and valid. The termination of fraud was essential to that judgment.

## II. DISCUSSION

In *Brown v. Felsen*, 442 U.S. 127, 139–40, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979), the Supreme Court concluded that the exclusive jurisdiction granted to bankruptcy courts to resolve questions of dischargeability under section 17a(2) of the Bankruptcy Act also prevented the application of claim preclusion—res judicata—to resolve questions of dischargeability.[2] In footnote 10 of *Brown v. Felsen*, the Supreme Court suggested that issue preclusion—collateral estoppel—could still be applied in a later dischargeability proceeding. "If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." *Id.* at 139 n. 10, 99 S.Ct. at 2213 n. 10.

### A. Burden of Proof Applied in the Underlying Case

In the underlying case, the federal district court applied Missouri substantive law. In deciding whether the debtor had defrauded his creditors, the court instructed the jury as follows:

> In these instructions, you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you. The burden of causing you to believe a proposition of fact is upon the party who relies upon that proposition. In determining whether or not you believe any such proposition, you must consider only the evidence and the reasonable inferences derived from the evidence. If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.

Upon review of this instruction, along with the other instructions, we conclude that the district court instructed the jury that the burden of proof for fraud is the preponderance of evidence. The appellant did not object to this instruction. The jury returned a verdict finding that Garner had committed fraud. The trial court rejected the appellant's post-trial motions. We affirmed concluding, *inter alia*, that there was substantial evidence to support a finding of fraud. *Grogan v. Garner*, 806 F.2d at 836.

### B. Burden of Proof under Section 523(a) of the Bankruptcy Code.

The burden of proof for fraud or any of the other exceptions from discharge under section 523(a) of the Bankruptcy Code is far from clear. The Bankruptcy Code is silent as to the burden of proof necessary to establish an exception to discharge under section 523(a), including the exception for fraud. Both the appellate courts and the bankruptcy courts are split as to whether the standard is clear and convincing evidence or preponderance of the evidence.

■ There are six circuits that have commented on the burden of proof for fraud under section 523(a). *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1262 (11th Cir.1988); *Combs v. Richardson*, 838 F.2d 112, 116 (4th Cir.1988); *Matter of Van Horne*, 823 F.2d 1285, 1287 (8th Cir.1987); *In re Phillips*, 804 F.2d 930, 932 (6th Cir. 1986); *In re Black*, 787 F.2d 503, 505 (10th Cir.1986); *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir.1986); *In re Kimzey*, 761 F.2d 421, 423–24 (7th Cir.1985). Only the Fourth Circuit has adopted the preponderance of the evidence standard. *Combs v. Richardson*, 838 F.2d 112, 116 (4th Cir. 1988).[3] We, however, have followed the majority rule and applied the clear and convincing standard. *Matter of Van Horne*, 823 F.2d at 1287.

The circuits applying the clear and convincing standard have offered various ex-

---

2. Section 17 of the Bankruptcy Act was replaced by section 523 of the Bankruptcy Code, but the two provisions are substantially the same. *Brown v. Felsen*, 442 U.S. at 129 n. 1, 99 S.Ct. at 2208 n. 1.

3. Several bankruptcy courts have also applied the more lenient standard. *See, e.g., In re Baiata*, 12 B.R. 813, 817 (Bkrtcy.E.D.N.Y.1981); *Sweet v. Ritter Finance Co.*, 263 F.Supp. 540, 543 (W.D.Va.1967).

planations. All the circuits cite to various bankruptcy court decisions applying the clear and convincing standard. Two of the circuits cite to 3 *Collier on Bankruptcy*, ¶ 523.08 (15th Ed.1989) which states without explanation that the appropriate burden of proof is the clear and convincing standard. *In re Phillips*, 804 F.2d 930, 932 (6th Cir.1986); *In re Black*, 787 F.2d 503, 505 (10th Cir.1986). Two of the circuits state that the clear and convincing standard is necessary to overcome the presumption of innocence. *In re Black*, 787 F.2d 503, 505 (10th Cir.1986); *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir.1986). Three circuits offer no rationale at all for favoring the more stringent standard. *Chrysler Credit Corp. v. Rebhan*, 842 F.2d 1257, 1262 (11th Cir.1988); *In re Phillips*, 804 F.2d 930, 932 (6th Cir.1986); *In re Kimzey*, 761 F.2d 421, 423–24 (7th Cir. 1985). This Circuit concluded that the stricter standard was appropriate since the general policy of bankruptcy is to provide the debtor with the opportunity for a fresh start and the courts should, thereby, construe provisions of the Bankruptcy Code favoring the debtor broadly. *Matter of Van Horne*, 823 F.2d at 1287.

We are not persuaded to alter our view of the proper standard of proof for fraud under section 523 of the Bankruptcy Code by the arguments of the Fourth Circuit. The Fourth Circuit reasoned, in concluding that all the exceptions to discharge contained in section 523 of the Code are governed by the preponderance of the evidence standard, that the balance of the "fresh start" policy and the policies implicitly announced by Congress when it created the exceptions to discharge does not require a heightened standard of proof. *Combs v. Richardson*, 838 F.2d 112, 116 (4th Cir. 1988). We are not convinced. While the legislative history is scant on this issue, we feel that it is fair to presume that Congress was aware that the prevailing view at the time of adoption was that fraud, for both section 523 and state common law purposes, had to be proved by clear and convincing evidence. In addition, the Fourth Circuit's manner of interpretation effectively reads the "fresh start" policy out of any

provision of the Code, provided that provision could be interpreted as conflicting with the "fresh start" policy. We do not believe that principles of statutory interpretation dictate such a reading where Congress has not expressly announced a contrary result. Therefore, we continue to follow the standard set forth in *Matter of Van Horne*, 823 F.2d 1285, 1287 (8th Cir. 1987).

■ Finally, we cannot agree with the bankruptcy court and the district court that the preponderance of the evidence standard and the clear and convincing standard are the same in this context. The Supreme Court has in a recent series of cases stated that the two standards are in function and in practice different. *See Price Waterhouse v. Hopkins*, — U.S. —, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) and cases cited therein. In this instance, the higher standard protects the "fresh start" policy. Accordingly, the decisions of the bankruptcy court and the district court are reversed.