In re Constantine John TSAMASFYROS
a/k/a C.J. Tsamasfyros f/d/b/a Arapa-
hoe Medical Associates, a Colorado
general partnership and f/d/b/a Plaza
Arapahoe Associates, a Colorado gener-
al partnership, Debtor.

L. Bruce NELSON, Plaintiff–Appellant,

v.

Constantine John TSAMASFYROS,
Defendant–Appellee.

No. 89–K–1158.
Bankruptcy No. 88–B–06135–J.
Adv. No. 88–E–776.

United States District Court,
D. Colorado.

May 31, 1990.

Andrew Petrie, Kirkland & Ellis, Denver, Colo., for Bruce Nelson.

Milnor H. Senior, III, Denver, Colo., for Tsamasfyros.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

■ The central issue in this appeal is whether the bankruptcy court was correct in giving preclusive effect to a state court judgment against the debtor, Constantine Tsamasfyros, in nondischargeability proceedings under § 523 of the Bankruptcy Code. In challenging the bankruptcy court's ruling on summary judgment, Tsamasfyros raises two grounds for reversal. First, he contends the state court judge's findings relating to misrepresentation and breach of fiduciary duty were based at best on the "preponderance of the evidence" standard of proof and not the "clear and convincing" standard required in bankruptcy cases. Second, Tsamasfyros argues that the measure of damages awarded in the state court judgment was improper in a bankruptcy dischargeability case. I affirm.[1]

### I. *Facts.*

Tsamasfyros is a physician who was also engaged in real estate development. Tsamasfyros and Nelson were involved in two partnerships: Arapahoe Medical Associates (AMA) and Plaza Arapahoe Associates (PAA). AMA was founded in 1983, and PAA was founded in 1985. Both partnerships were formed to develop properties upon which office buildings were constructed. Tsamasfyros acted as managing general partner of the two partnerships. When most of the relevant events in this case occurred, there were two other partners in AMA and PAA, Larry R. Andrews and Sherman R. Schrock. Because of mismanagement by Tsamasfyros and a downturn in economic conditions, AMA went into bankruptcy and the property owned by PAA was foreclosed.

In 1986, Andrews and Schrock initiated a lawsuit in Colorado state court. In this action, Andrews and Schrock sued the AMA, Tsamasfyros and Nelson for an accounting of the partnerships and other claims. (These claims were subsequently settled.) Tsamasfyros cross-claimed against Nelson for breach of the contract to pay partnership contributions and for payment on a note. Nelson cross-claimed against Tsamasfyros for breach of the partnership contract, breach of fiduciary duty, negligence, misrepresentation and fraud.

After several continuances, and with Tsamasfyros acting *pro se* (but with advisory counsel), the state court held a trial on Nelson and Tsamasfyros' cross-claims. On April 11, 1988, in a single-spaced, 22–page judgment, the court entered its detailed findings of fact and conclusions of law. The court found for Nelson on his breach of partnership agreement, breach of fiduciary duty, and misrepresentation claims, awarding damages in the amount of approximately $169,000 and other relief. On the negligence claim, it held that Tsamasfyros was negligent, but that Nelson had not established that this negligence was the cause of his damages. The court ruled against Nelson on his fraud claim, finding insufficient evidence of fraudulent intent. As for Tsamasfyros, the court awarded Tsamasfyros damages for certain excess capital contributions he made to the partnerships, but denied his claim against Nelson for payment on the note.

---

**1.** Tsamasfyros makes two additional contentions in arguing the above points. He alleges that he was prejudiced in the state court proceeding because he appeared *pro se*, and that the record of the state court proceedings transmitted to the bankruptcy court was inaccurate and improperly verified. Neither contention has merit.

"The fact that the appellant appeared pro se does not lessen the collateral effect of the state court judgment." *Klemens v. Wallace;* 62 B.R. 91, 92 (D.N.M.1986), *aff'd,* 840 F.2d 762 (10th Cir.1988). Moreover, the record indicates that an advisory attorney was present during at least part of the state court proceedings. *See* R. Doc. 32, Ex. A at 1.

Although the state court files for this case were lost or stolen, Nelson's attorney provided the bankruptcy court with duplicates from his files, with a letter stating that the documents were true and correct copies. *See* R. Vol. I, Doc. 29 at 2. That Nelson did not file a sworn affidavit to this effect is inconsequential, especially since Tsamasfyros does not indicate how these documents were inaccurate or defective.

Tsamasfyros filed for bankruptcy under Chapter 7 on May 9, 1988. Nelson then brought the instant action to have Tsamasfyros' judgment debt to him declared nondischargeable under §§ 523(a)(2), 523(a)(4) and 523(a)(6) of the Bankruptcy Code. On November 29, 1988, Nelson moved for summary judgment, claiming that the state court judgment should be given preclusive effect in the nondischargeability action. After a hearing, the bankruptcy court granted the motion. The court held that the state judge's specific findings as to Tsamasfyros's misrepresentations justified the application of collateral estoppel on Nelson's § 523(a)(2) claim. It therefore found it unnecessary to rule on Nelson's §§ 523(a)(4) and 523(a)(6) claims. Tsamasfyros now appeals this ruling.

## II. *Issues.*

A. Collateral Estoppel Effect of State Court Judgment.

■ The parties agree that in this Circuit *Klemens v. Wallace (In re Wallace),* 840 F.2d 762 (10th Cir.1988), governs application of the doctrine of collateral estoppel in bankruptcy proceedings. Under *In re Wallace,*

> collateral estoppel is binding on the bankruptcy court and precludes relitigation of factual issues if (1) the issue to be precluded is the same as that involved in the prior state action, (2) the issue was actually litigated by the parties in the prior action, and (3) the state court's determination of the issue was necessary to the resulting final and valid judgment.

*Id.* at 765.

Tsamasfyros challenges only the first element above: whether the issue to be precluded was the same as that involved in the prior state action. He argues that the

state court's finding that he had engaged in misrepresentation was based on only a preponderance of the evidence, and not clear and convincing evidence, and therefore collateral estoppel was improper. Tsamasfyros further contends that in ruling on the breach of fiduciary duty counterclaim, the state court relied on *Lindsay v. Marcus,* 137 Colo. 336, 343, 325 P.2d 267 (1958), and that this case requires only "slight evidence" to sustain this type of claim. *See* Brief of Appellant at 18; R. Doc. 32, Ex. A at 13.[2]

Tsamasfyros cites language in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), in support of this proposition. In that case, the Supreme Court ruled that a bankruptcy court is not barred by res judicata from determining, independent of a state court judgment, the nature of a debt for the purposes of dischargeability. The Court held, however, that its decision did not foreclose the application of collateral estoppel. "If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of [the dischargeability provisions of the Bankruptcy Code], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." *Id.* at 139 n. 10, 99 S.Ct. at 2213 n. 10; *see also Johnson v. Miera (In re Miera),* 104 B.R. 150, 156–57 (Bankr.D.Minn.1989) ("To successfully invoke collateral estoppel ... Plaintiff must establish from the records made in the state courts that the fact-finders in those proceedings specifically concluded that the evidence supporting each of the proffered findings was of clear and convincing weight.").[3]

---

**2.** Tsamasfyros' argument that the state court required only slight evidence on the breach of fiduciary duty claim has little merit. First, the state court cited *Lindsay* and another state court case, *Hooper v. Yoder,* 737 P.2d 852 (Colo.1987), not for the evidentiary standard they applied, but for the proposition that one partner owes another partner certain fiduciary duties. Moreover, it is clear that the court did not use the "slight evidence" standard in considering the breach of fiduciary duty claim; instead, as noted below, it expressly stated that there was

evidence of a breach of fiduciary duty "beyond a reasonable doubt." The bankruptcy court correctly held that the "beyond a reasonable doubt" standard is more stringent that the standards of "clear and convincing evidence" and "a preponderance of the evidence." *See* R. Doc. 32 at 7 (citing *Greer v. Heckler,* 756 F.2d 794, 798 (10th Cir.1985)).

**3.** Some courts have not adhered to this strict view of the applicability of the doctrine of collateral estoppel in dischargeability proceedings.

Nelson argues that the state court's findings of fact and conclusions of law reveal that the state court was applying a heightened standard of proof in ruling that Tsamasfyros had engaged in misrepresentation. Nelson cites to language in the court's opinion wherein it concluded that "it has been shown beyond a reasonable doubt that Dr. Tsamasfyros' actions in breaching his fiduciary duties were attended by circumstances of fraud and by a wanton or reckless disregard of Nelson's rights and feelings." R. Doc. 32, Ex. A at 16.

The problem with both Tsamasfyros and Nelson's arguments above is that they focus on the court's findings as to Nelson's breach of fiduciary duty counterclaim, and not the misrepresentation counterclaim. Contrary to the argument in both Tsamasfyros and Nelson's briefs, there is no indication in the state court's opinion as to which evidentiary standard the court applied in considering the misrepresentation claim. This is significant because the bankruptcy court gave collateral estoppel effect to the state court judgment on Nelson's nondischargeability claim under § 523(a)(2)(A), which prohibits the dischargeability of debts for funds obtained by false pretenses, a false misrepresentation, or actual fraud. *See* 11 U.S.C. § 523(a)(2)(A). The bankruptcy court expressly made no ruling on Nelson's claim under § 523(a)(4), which denies the discharge of debts relating to the debtor's fraud or defalcation while acting in a fiduciary capacity. *See* R. Doc. 32, at 7.[4] Nelson attempts to negate this problem by arguing that the state judge's findings on the breach of fiduciary duty were relevant to his § 523(a)(2)(A) claim "[b]ecause the conduct upon which Nelson bases his motion is all part and parcel of Tsamasfyros'

breaches of fiduciary duty...." Brief of Appellee L. Bruce Nelson at 11.

While Nelson's argument is plausible, there are two additional problems with the bankruptcy court's holding under § 523(a)(2)(A). First, the monetary damages of $169,500 awarded in the state court judgment were on Mr. Nelson's claims for breach of contract and for breach of fiduciary duty, and not for misrepresentation. *See* R. Doc. 32, Ex. A at 18–19. (Although Nelson prevailed on the misrepresentation claim, his remedy was rescission of his obligations on a promissory note, which obligations were induced by the misrepresentation. *See id.* at 15.). Thus, the monetary debt Nelson seeks to have declared not dischargeable is for breach of contract and fiduciary duty, not misrepresentation.

Second, to establish a claim under § 523(a)(2)(A), the debtor must obtain "money, property, services, or an extension, renewal, or refinancing of credit" from the creditor through his misrepresentations. 11 U.S.C. § 523(a)(2). Tsamasfyros' misrepresentations to Nelson centered on Tsamasfyros' actions in inducing Nelson, as a partner of AMA, to sign a promissory note purportedly to raise capital for AMA. Thus, Tsamasfyros obtained no money, property, services or credit from Nelson, only Nelson's signature which permitted AMA to become obligated on the note. *See, e.g., Barnes v. Frost,* 160 Miss. 131, 133 So. 119, 120 (1931) (holding that obtaining another's endorsement of a note as a surety is not "property" as defined by predecessor statute). *But see In re Dunfee,* 219 N.Y. 188, 114 N.E. 52 (1916) (holding debt to surety nondischargeable and noting that bankruptcy law does not require that the property be obtained by the debtor at the instant of making the false representation nor that it pass directly to

---

For example, in *Raybourn v. Buroker (In re Buroker),* 72 B.R. 993, 996 (Bankr.S.D.Ohio 1987), even though the state court judge spoke only to a preponderance of the evidence, the bankruptcy court gave the state court judgment preclusive effect because it found clear and convincing evidence after its independent review of the entire state court transcript. *See also Dodson v. Church (In re Church),* 69 B.R. 425, 430–31 (Bankr.N.D.Tex.1987) (noting that it would defeat the policy to encourage a national stan-

dard for dischargeability to "hinge[ ] the collateral estoppel effect of a state court judgment on the non-uniform standards of evidence employed by the various state jurisdictions while ignoring the overriding similarity of the common law applied by the state courts.").

**4.** It likewise made no finding as to Nelson's § 523(a)(6) claim for willful or malicious injury to the property of another. *See id.*

him). Even if Nelson's signature on the note falls within the scope of § 523(a)(2), the loan was made to AMA and not to Tsamasfyros, although Tsamasfyros benefitted indirectly from the loan. Therefore, in a literal sense, Tsamasfyros did not receive the funds.

Under a more liberal view of § 523(a)(2), however, actions that result in financial benefit to the debtor are sufficient to bring into play § 523(a)(2). *See, e.g., Bates v. Winfree (In re Winfree)*, 34 B.R. 879 (Bankr.M.D.Tenn.1983) (debtor who was shareholder, officer and director of corporation violated section by using false financial statement to induce creditor to make loan to corporation); *see generally 3 Collier on Bankruptcy* ¶ 523.08[1], [2] (L. King 15th ed. 1990).

I affirm the bankruptcy court's ruling on collateral estoppel, but apply it to Nelson's § 523(a)(4) claim for breach of fiduciary duty, and not the § 523(a)(2)(A) claim for property obtained by misrepresentation. The state court's decision was decided under the correct evidentiary standard, since the court expressly found evidence of breach of fiduciary duty beyond a reasonable doubt. Likewise, the fact that monetary damages were awarded on the breach of fiduciary duty counterclaim, and not the misrepresentation counterclaim, makes § 523(a)(4) the more logical Code section under which to hold Tsamasfyros' debt to Nelson nondischargeable. It also eliminates the problem of whether Tsamasfyros received money, property, services or credit from Nelson as a result of misrepresentations, since § 523(a)(4) contains no similar requirement.

B.   Amount of Damages.

■  Tsamasfyros' second argument is that the bankruptcy court "use[d] the wrong standard in determining the amount of damages awarded to the Plaintiff[ ]." Brief of Appellant at 21. Tsamasfyros contends that the state court judgment of $162,500.92, representing the decrease in value of Nelson's interest in the partnership, was an incorrect measure of damages. Instead, he argues that "if this matter were to be tried, the evidence would show that Nelson's total investment into the

Arapahoe Medical Associates partnership was $30,976.94," *id.*, and that this is the better measure of Nelson's actual loss. Therefore, he claims that the state court's award of damages should be modified to reflect this error.

■  Tsamasfyros' argument misconstrues the effect of § 523 of the Bankruptcy Code and the purpose behind the application of the doctrine of collateral estoppel. In this case, the function of § 523 is not to award damages to a creditor, but to determine whether a pre-existing debt should be declared non-dischargeable. The debt is represented by the state court judgment, and if that judgment is given preclusive effect in a nondischargeability proceeding, the state court's calculation of damages cannot be collaterally attacked in the bankruptcy court. *See Audio Visual Sys., Inc. v. Hopper*, 71 B.R. 67, 68 (Bankr. D. Colo. 1987). Tsamasfyros did not appeal the state court's ruling on damages in that forum, and he cannot challenge the correctness of that ruling here.

IT IS ORDERED that the bankruptcy court is affirmed.