In re William Lee WATSON, Debtor.

BROCKMAN MUSIC, Almo Music Corporation & Jodaway Music, Plaintiffs,

v.

William Lee WATSON, Defendant.

Bankruptcy No. 90–20164–C.
Adv. No. 90–2015–C.

United States Bankruptcy Court,
W.D. Missouri, C.D.

Aug. 7, 1990.

Bradley A. Hall, Stinson, Mag & Fizzell, Kansas City, Mo., for plaintiffs.

Cyril M. Hendricks, Jefferson City, Mo., for debtor/defendant.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

### I.  Introduction

Plaintiffs Brockman Music, Almo Music Corp., and Jodaway Music (the Music Companies) brought this adversary proceeding alleging that the debt owed them by defendant William Lee Watson, a debtor in bankruptcy[1], is nondischargeable under 11 U.S.C. § 523(a).[2]

The Music Companies are seeking summary judgment against Mr. Watson. Specifically, plaintiffs allege that a judgment debt owed to them by the defendant for willful infringement of their music is not dischargeable under § 523(a)(6). That part of the Bankruptcy Code provides that debts for "willful and malicious injury" are not subject to the discharge provisions of the Code. For the reasons set forth below, Plaintiffs' Motion for Summary Judgment against the defendant is hereby denied.

### II.  Discussion

█ The Music Companies base their case against Mr. Watson primarily on a default judgment entered against him in the United States District Court for the Western District of Missouri. While they have attempted to bolster their case by including an affidavit of a person with knowledge of their side of the events in controversy, their chosen methods have not proven effective to make a case for Summary Judgment against the defendant. The mere proof of a judgment against the debtor, without additional clear and convincing evidence, is not sufficient to prove that that claim is nondischargeable under § 523.

A. *Res judicata not applicable.* Though they do not specifically address the subject, the plaintiffs appear to rely in part on the doctrine of res judicata to support their § 523 claim. In short, the underlying theme of their brief is that this Court should grant their motion for summary judgment because they have shown that the defendant is liable to them pursuant to a default judgment.

█ As a general rule, a judgment duly rendered in one court will be recognized in another suit between the parties as res judicata, thus precluding the parties from relitigating a matter that has already been decided. *Heiser v. Woodruff,* 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946) (Stone C.J.). A federal court may not reject the salutary principle of res judicata, which is founded upon the public policy that there must be an end to litigation—thus when one appears in court to present her case, is fully heard, and the contested issue is decided against her, she may not renew the case in another court. *Id.* Applying this doctrine to the present case makes it clear that the Music Companies have an enforceable debt against Mr. Watson, but it does not speak to whether or not that debt is dischargeable.

1.  William Lee Watson filed for Bankruptcy under Chapter 7, Title 11 U.S.C. on March 12, 1990.

2.  Plaintiffs' "Suggestions in Support" of their Motion for Summary Judgment initially characterized this action as an adversary proceeding brought "pursuant to 11 U.S.C. § 523(c)." The next reference to the underlying cause of action alleges that this proceeding is based on § 523(a)(6). This discrepancy casts a shadow which makes it difficult for the Court to see clearly whether the plaintiffs intended to proceed under § 523(c), § 523(a)(6), or both. Upon review of the case file and all relevant pleadings, it appears that the plaintiffs intended to proceed under § 523(a)(6) alone. Accordingly, this Memorandum Opinion does not attempt to fathom how § 523(c) might be applicable to the adversary proceeding sub judice.

It is well-settled law that a Bankruptcy Court is not bound by res judicata when considering the dischargeability of a claim. Justice Blackmun, writing for a unanimous Court in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), explained that res judicata does not apply to bar a Bankruptcy Court from inquiring as to whether a prior claim is of a nondischargeable nature.[3]

In *Brown*, Mark Felsen, the debtor in bankruptcy, attempted to use the doctrine of res judicata defensively to prohibit the Bankruptcy Court from examining whether a stipulated judgment against him was dischargeable. Though Mr. Brown, a co-defendant in a civil suit with Felsen, had brought a cross-claim against Felsen based on fraud, neither the stipulation nor judgment in which he prevailed explained the theory upon which Felsen's liability was based. After Felsen filed bankruptcy, the Bankruptcy, District and Circuit Courts all sided with Felsen and refused to allow Brown the chance to prove that the debt was nondischargeable under the Bankruptcy Act. The Supreme Court disagreed and allowed Brown the chance to present his case.

In addressing whether to prohibit a reexamination of an allegedly nondischargeable debt based on fraud, Justice Blackmun explained the purpose served by not applying res judicata:

> Refusing to apply res judicata here would permit the [B]ankruptcy [C]ourt to make an accurate determination whether respondent in fact committed the deceit, fraud, and malicious conversion which petitioner alleges. These questions are now, for the first time, squarely in issue. They are the type of question Congress intended that the [B]ankruptcy [C]ourt would resolve. That court can weigh all the evidence, and it can also take into account whether or not petitioner's failure to press these allegations at an earlier time betrays a weakness in his case on the merits.

442 U.S. at 138, 99 S.Ct. at 2212.[4] Accordingly, Mr. Brown was afforded the opportunity to present his nondischargeability claim.

■ In the present case, the Music Companies are attempting to use res judicata offensively, that is to show that the debt is nondischargeable based on a prior judgment. However, regardless of whether it is used offensively or defensively, res judicata does not bar a Bankruptcy Court from considering the merits of a claim to an exception from discharge. Application of the doctrine is particularly unwarranted where, as here, the prior judgment is a default or stipulated judgment which does not contain detailed findings of fact or conclusions of law based upon a specific theory.[5]

Since the issue of discharge is now at issue for the first time, the Bankruptcy Court is obligated to examine the nature of the judgment to determine whether or not it is subject to discharge. As discussed more fully below, the Music Companies did not provide sufficient evidence in addition to the default judgment to support their claim for summary judgment.

■ *B. Insufficient evidence to support summary judgment.* Bankruptcy Rule 7056 incorporates Fed.R.Civ.P. 56 into the scheme of procedural rules applicable in adversary proceedings. In part, Rule 56

---

3. Justice Blackmun explained that certain liabilities based on "offenses against morals" have long been excepted from discharge. However, the mere fact that a conscientious creditor has previously reduced her claim to judgment does not bar further inquiry into the true nature of the debt. *Brown, supra* 442 U.S. at 138, 99 S.Ct. at 2212.

4. The Court also explained that the doctrine of collateral estoppel, or claim preclusion, would only apply to preclude reconsideration of those questions actually and necessarily decided in a prior suit. *Brown*, 442 U.S. at 139, n. 10, 99 S.Ct. at 2213, n. 10.

5. A party must base their claim of, or defense to, an exception to discharge on something more than a prior judgment. There are several ways to support such a claim or defense: submit the prior court's specific findings of fact; enter the other court's trial transcript; call a credible witness or credible witnesses; or offer admissible evidence. The plaintiffs have not developed their case along these lines.

explains the standard which the Court is obligated to apply when deciding whether a claimant is entitled to summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party has the burden of proving that no genuine issue exists concerning any material fact. *Adickes v. S.H. Kress and Company*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970) (Harlan, J.).

If that burden is met, the respondent has an affirmative duty to "set forth specific facts showing that there is a genuine issue for trial"—if the respondent fails to do so, "summary judgment, if appropriate, shall be entered against [him]." Rule 56(e).

In support of their Motion for summary judgment, the Music Companies have offered four pieces of evidence to prove that they are entitled to judgment on the issue of nondischargeability: 1) an affidavit from a person with knowledge of the alleged infringement, with attached memoranda from his office; 2) a copy of a default judgment entered against Carol Watson, the defendant's ex-wife, for copyright infringement; 3) a consent judgment assented to by Carol Watson for copyright infringement; and 4) a default judgment entered against both Mr. and Mrs. Watson for copyright infringement. Taken as a whole, these documents present the plaintiff Music Companies' side of the present controversy.

Brockman Music, Almo Music Corp., and Jodaway Music (the Music Companies) are copyright owners and members of the American Society of Composers, Authors and Publishers (ASCAP). As one of its primary functions, ASCAP, on behalf of its some 40,000 members, markets licenses which allow others to lawfully perform music lawful copyrighted by its members. Several unauthorized public performances of such musical compositions allegedly occurred at an establishment known as Dollar Bill's, which was owned by Mr. Watson and his ex-wife.[6]

According to the documents, including the affidavit of Robert E. Pauley, the District manager of ASCAP, Carol Watson, in her capacity as part owner of Dollar Bill's, was first notified in 1982 that Dollar Bill's was illegally performing music copyrighted by ASCAP members. In addition to informing Carol Watson of the potential legal consequences of copyright infringement, ASCAP also offered an ASCAP license, which would have allowed Dollar Bill's to legally present the music in question. The offer was apparently declined— but Dollar Bill's nevertheless allegedly continued to blatantly infringe on several copyrights. In fact, Mr. Pauley maintains that ASCAP was even "invited" at one point to take legal action against Dollar Bill's.

Court records indicate that Carol Watson was the losing defendant in a default judgment brought by ASCAP in 1985.[7] A similar action was brought against Ms. Watson as Dollar Bill's supposedly continued to infringe on the copyrights held by ASCAP members. The second suit was resolved by the entry of a consent judgment.[8] Notwithstanding these prior confrontations, the Music Companies claim that Dollar

---

**6.** It appears that Dollar Bill's was an entertainment club owned by the defendant and his former wife at the time the alleged copyright infringements occurred. Dollar Bill's was located in Jefferson City, Missouri.

**7.** The default judgment was entered on January 15, 1986. See *Ocasek v. Carol Watson*, No. 85–4138–CU–C–5 (W.D.Mo. Order of January 15, 1986). The Court found that Carol Watson had been notified at least thirteen times that she was violating the copyright laws.

**8.** The copy of the Consent Judgment which was attached to the Plaintiff's Motion for Summary Judgment contains neither an entry date nor the signature of the presiding judge. The parties' assent to the judgment is signified by the signatures of their respective attorneys. *Antisia Music, Inc. et al. v. Carol J. Watson*, No. 86–4485–CV–C–5 (W.D.Mo.1986) (Consent Judgment).

Bill's continued to infringe on music copyrighted under federal law.

The Music Companies brought suit in federal court[9] against both William and Carol Watson on May 18, 1987 for violation of the Copyright Act of 1976, 17 U.S.C.[10] On October 6, 1987 the District Court entered an Order of Default against the Watsons.[11] Three months later, the Court awarded the Music Companies statutory damages of $10,000.00 and attorneys' fees of $1,445.00.[12] The outstanding balance on that judgment is approximately $7,695.66, plus interest. This is the debt which the plaintiffs seek to protect from discharge.

The above facts illustrate that Mr. Watson owes the plaintiffs a debt based on a default judgment—nothing more or less. While the plaintiffs tried to supplement the default judgment with the affidavit of ASCAP's district manager, their evidence failed to show that no genuine issue of material fact exists. Several pivotal questions remain at issue.

In his answers to the Music Companies' Requests for Admission, Mr. Watson de-

nies having received notice of the copyright infringement prior to 1986. He also denies having the ability to control the music that was offered at Dollar Bill's. The inference to be drawn is that Carol Watson, or some other party, actually authorized, or engaged in, the alleged copyright infringement. Before Mr. Watson is found to have "willfully and maliciously" injured the plaintiffs, the questions of whether Mr. Watson was involved in copyright infringement, and to what extent he was involved, must be settled.[13] The theory under which Mr. Watson's is allegedly liable for infringement must be developed and proven.

Because the plaintiffs have not demonstrated that they are entitled to judgement against Mr. Watson on the pleadings, they are not entitled to summary judgment.

■ C. *Failure to Meet the Burden of Proof.* The lesson to be derived from the Eighth Circuit's recent *Garner* opinion is that parties seeking to have their claims declared nondischargeable have an affirmative duty to prove the nondischargeable nature of their claim. *In re Garner*, 73

9. The Music Companies brought suit in the United States District Court for the Western District of Missouri, the Honorable Scott O. Wright, Chief District Judge, presiding. See infra note 12.

10. The federal copyright laws are contained in Title 17, U.S.C., commonly known as the Copyright Act of 1976.

Under the Copyright Act, the owner of a copyright has the exclusive rights to authorize the reproduction of the copyrighted work, to authorize the distribution of copies of the work, and to authorize the public performance of the work, among other rights. (17 U.S.C. § 106).

Anyone who violates any of the exclusive rights of the copyright owner as provided in the Act is considered an "infringer" of the copyright. (§ 501). The remedies available to the copyright holder against the infringer include both injunctive relief (§ 501) and money damages and profits (§ 504). In appropriate cases, the copyright holder is entitled to costs and attorney's fees as well. (§ 505).

11. *Brockman Music et al. v. Carol J. Watson and William Watson*, No. 87–4235–CV–C–5 (W.D.Mo. Order of October 5, 1987).

12. *Brockman Music et al. v. Carol J. Watson and William Watson*, No. 87–4235–CV–C–5 (W.D.Mo. Order of January 25, 1988) (Wright, C.J.).

Judge Wright found that William Watson had notice of the infringement and thus violated the copyright law. However, the opinion does not discuss how Judge Wright arrived at these conclusion—or to put it another way, the record below does not reveal the burden of proof to which the plaintiffs were held when attempting to show that Mr. Watson infringed on their copyrights. The lesson of *Garner* instructs that if a prior judgment does not meet the appropriate burden of proof, or does not even address the burden of proof, it cannot be relied upon as the sole proof of nondischargeability. The plaintiff must offer other evidence to prove the nondischargeable nature of the claim by the appropriate burden of proof.

13. Plaintiffs have shown that they sent several letters to the Watsons regarding copyright infringement. No evidence was offered to prove that any infringement took place. Evidence was offered to show that neither William or Carol Watson are very good at showing up at Court—and thus they lost default judgments. Evidence was offered to show that Carol Watson consented to a judgment related to copyright infringement, but Mr. Watson's was not specifically mentioned in that consent decree. Nowhere in the record have the Music Companies shown proof of infringement, addressed what copyrights where infringed, or discussed Mr. Watson's role in the alleged infringement.

B.R. 26 (Bankr.W.D.Mo.) *rev'd* 881 F.2d 579 (8th Cir.) *cert. granted sub nom. Grogan v. Garner*, — U.S. —, 110 S.Ct. 1945, 109 L.Ed.2d 308 (1990). The plaintiffs have not done so in their Motion for Summary Judgment.

■ In order to be nondischargeable, the findings of fact in the prior judgment must both satisfy the elements of nondischargeability and meet the appropriate burden of proof. *Garner, supra* 881 F.2d 579. The issue of whether a debt is nondischargeable for "willful and malicious" injury must be answered by clear and convincing evidence, a standard more rigorous than the preponderance of evidence standard generally applied in civil actions. *In re Miera*, 104 B.R. 150 (Bankr.D.Minn.1989). After *Garner*, the Rule in the Eighth Circuit may well be that Summary Judgment based on a judgment rendered in another court is never appropriate in § 523 cases.

Thus, in the case at bar, the plaintiffs had the burden of proving, by clear and convincing evidence, that they were entitled to summary judgment. Put another way, they had to prove by clear and convincing evidence that no genuine issue remained in opposition to their contention that they suffered a willful and malicious injury at the hands of Mr. Watson. While that may yet hold true, it has not been proven to this Court.

At best, the Music Companies have only proven that ASCAP representatives claimed to have telephoned and written the Watsons. No clear and convincing evidence was offered to prove that an infringement occurred, that Mr. Watson was responsible for an infringement, that the plaintiffs were harmed by an infringement, or that the acts of Mr. Watson were willful and malicious.

### III. *Conclusion*

Plaintiffs are not entitled to use the doctrine of res judicata herein to show that they have a nondischargeable claim against the debtor. First, because their judgments are by default and by consent, not proof by evidence. Second, the standard of proof differs in a civil suit and a dischargeability complaint. Plaintiffs must prove to the Bankruptcy Court that there is no genuine issue as to any material fact in order to prevail on their Motion for Summary judgment. In addition, they must demonstrate that their § 523(a)(6) claim is based on a recognized legal theory and supported by clear and convincing evidence.

The plaintiff Music Companies have not shown to this Court any "willful and malicious" injury done to them by this defendant. Numerous genuine issues of fact that remain unanswered. They have not sustained their burden of proving the nondischargeable nature of their claim by clear and convincing evidence. Accordingly, plaintiffs' Motion for Summary Judgment is hereby DENIED.

SO ORDERED this 7th day of August, 1990.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.