**In re Gilbert GUIMOND, Debtor.**

**Richard GUIMOND, Plaintiff,**

v.

**Gilbert GUIMOND, Defendant.**

**Bankruptcy No. 90–10328.**
**Adv. No. 90–1055.**

United States Bankruptcy Court,
D. Rhode Island.

Dec. 12, 1990.

Andrew S. Richardson, Boyajian, Harrington & Richardson, Providence, R.I., for debtor/defendant.

Kevin M. Brill, Corrente & Brill, Providence, R.I., for plaintiff.

### DECISION AND ORDER

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

Before the Court for determination is the motion of the plaintiff, Richard Guimond, for summary judgment on his complaint in the within adversary proceeding, alleging nondischargeability under 11 U.S.C.

§ 523(a). In support of his motion, the plaintiff relies upon the November 9, 1989 judgment of the United States District Court for the District of Rhode Island, in which he was awarded $54,290. The plaintiff contends that the doctrine of collateral estoppel precludes relitigating any of the issues determined by that judgment. We disagree, for the reasons discussed below, and rule that this is not a proper instance for the application of the doctrine of collateral estoppel. Accordingly, we deny the plaintiff's motion for summary judgment.

## PROCEDURAL BACKGROUND

At the conclusion of a five day jury trial in the District Court, the defendant, Gilbert Guimond, moved for a directed verdict. The Court reserved decision on the motion, and allowed the case to go to the jury, which returned a general verdict for the plaintiff in the amount of $54,290. Thereafter, on November 9, 1989, the Court considered the motion for directed verdict, and, although finding no fraud,[1] did rule that the evidence supported the plaintiff's claim of misappropriation and/or conversion of corporate funds. In its decision, the Court stated that "[c]onsequently, it appears to the Court that there was significant evidence from which a jury could have reasonably concluded that the Plaintiff was entitled to recover on the conversion or misappropriation portion of the claim." (Record at 18, *Guimond v. Guimond* (No. 88–05656T)). Based on these findings, the District Court accepted the jury's determination of damages and entered judgment for the plaintiff in the amount of $54,290. Thereafter, on March 9, 1990, the defendant filed this Chapter 7 petition. The plaintiff filed the instant complaint and motion for summary judgment, contending that the District Court's finding of misap-

propriation and/or conversion should be adopted by this Court as the basis for declaring plaintiff's $54,290 judgment non-dischargeable, pursuant to § 523(a).

## BURDEN OF PROOF

The defendant/debtor objects to the motion, arguing that because different burdens of proof apply, "preponderance of the evidence" in the District Court, and "clear and convincing evidence" in the context of a Section 523(a) claim in the Bankruptcy Court, collateral estoppel is inapplicable. Based on our review of the legal authorities addressing this issue, we agree with the position of the debtor.

 Although a dispute exists among the circuits as to which burden of proof should apply in a Section 523(a) proceeding, *see e.g. In re Garner*, 881 F.2d 579, 581 (8th Cir.1989), in this District, we have consistently applied the standard of "clear and convincing evidence" in proceedings brought under §§ 523(a)(2), and 523(a)(4), which represents the majority rule among the circuits. *See e.g., Geisinger v. Beleau (In re Beleau)*, 35 B.R. 259, 261 (D.R.I. 1983); *Buco v. Salvatore (In re Salvatore)*, 46 B.R. 247, 250 (D.R.I.1984); *Smith v. Infantolino (In re Infantolino)*, 24 B.R. 667, 668, 670 (D.R.I.1982); *In re Barlick*, 1 BCD 412 (D.R.I.1974) (Discussion of the required burden of proof in dischargeability cases); *In re Garner, supra* at 581. Were we to adopt the plaintiff's position, we would be applying the standard used by the District Court, which reviewed the evidence under a less stringent burden than is required in the bankruptcy context.[2]

Recently, this same issue was argued before the Eighth Circuit Court of Appeals in *In re Garner, supra*,[3] which refused to

---

1. Specifically, the Court concluded that "[s]o as far as the fraud claim is concerned, the Court finds that the jury could not reasonably have found for the Plaintiff with respect to those claims." (Record at 16, *Guimond v. Guimond* (No. 88–05656T)).

2. In the pleadings, both in support of and in opposition to the instant motion, neither party disputes the fact that the District Court applied

the preponderance of the evidence standard of proof.

3. This exact issue is presently under consideration by the Supreme Court, which, on October 29, 1990, heard oral argument in the Eighth Circuit case of *In re Garner*. *See also Grogan v. Garner*, —— U.S. ——, 110 S.Ct. 1945, 109 L.Ed.2d 308 (1990).

apply the doctrine of collateral estoppel, and held that:

> [W]e cannot agree with the bankruptcy court and the district court that the preponderance of the evidence standard and the clear and convincing standard are the same in this context. The Supreme Court has in a recent series of cases stated that the two standards are in function and in practice different. *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989) and cases cited therein. In this instance, the higher standard protects the 'fresh start' policy. *In re Garner*, *supra* at 582.

In *In re Tsamasfyros*, 114 B.R. 721, 723 (D.Colo.1990), the issue was considered by the United States District Court for the District of Colorado. Although the Court eventually concluded that "the state court's decision was decided under the correct evidentiary standard, since the court expressly found evidence of breach of fiduciary duty beyond a reasonable doubt", *Id.* at 725, the court did discuss *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), where the Supreme Court stated "[i]f, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of [dischargeability provisions of the Bankruptcy Code], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." *Id.* at 723 (citing *Brown v. Felsen*, *supra* at 139 n. 10, 99 S.Ct. at 2213 n. 10). The obvious corollary to this statement is that in cases where different standards of proof are involved, collateral estoppel should not apply. Accordingly, we conclude that the application of collateral estoppel would be inappropriate in this instance, where different standards of proof are required, and the more stringent standard was not utilized at the first trial.

However, because the District Court judge found no evidence of fraud, even under the preponderance of the evidence standard, which is a lesser burden of proof, we rule that collateral estoppel does bar relitigation of that claim under the clear and convincing standard.

Therefore, it is ORDERED that the plaintiff's motion for summary judgment is DENIED, and pursuant to our authority under 11 U.S.C. § 105, summary judgment is GRANTED in favor of the defendant/debtor on Count II of the complaint, the § 523(a)(2) portion, notwithstanding that no cross motion for summary judgment was filed by the defendant/debtor.

Enter Judgment consistent with this opinion.