**In re John G. GOETZ, Debtor.**

**Elizabeth G. NAPSHIN, Plaintiff,**

v.

**John G. GOETZ, Defendant.**

Bankruptcy No. 91–41395.

Adv. No. 91–04219.

United States Bankruptcy Court, W.D. Missouri.

Dec. 5, 1991.

Neil S. Sader, Brown & Thiessen, Kansas City, Mo., for plaintiff.

Timothy A. McNearney, Kansas City, Mo., for defendant.

MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Plaintiff initiated this adversary action, seeking the Court's determination that a debt is owed to her by Debtor by reason of conversion, and that such debt is nondischargeable in Debtor's bankruptcy. The matter now before the Court is Debtor's Motion for Judgment on the Pleadings, pursuant to Fed.R.Bankr.P. 7012(c). Debt-

or is asking the Court to apply the principles of collateral estoppel and/or res judicata to prevent Plaintiff from seeking to have the debt declared nondischargeable. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). For the reasons set forth below, Debtor's Motion for Judgment on the Pleadings is denied.

Plaintiff alleges that, beginning in 1985, she and Debtor entered into a real estate partnership agreement, under which Debtor agreed to manage certain properties purchased pursuant to the partnership agreement. As a result of Debtor's alleged mismanagement and mishandling of partnership assets, Plaintiff, on December 2, 1987, brought suit against Debtor in state court, alleging breach of contract and fraud. On March 4, 1988, Plaintiff obtained a default judgment against Debtor, on the breach of contract count only, in the Circuit Court of Jackson County, Missouri, in the sum of $51,074.50. Debtor has allegedly paid $2,129.11 of this amount, and Plaintiff now seeks to have the remaining $48,945.39 declared nondischargeable under 11 U.S.C. § 523(a)(4). Debtor argues that, since the default judgment awarded damages for the breach of contract counts only, the prior state court proceeding did not result in a finding of fraud, and, therefore, collateral estoppel and/or res judicata bars relitigation of the dispute between these parties. Plaintiff argues that the issue of conversion was not litigated in state court, and that she is not barred from litigating that issue in the context of a dischargeability proceeding.

*Legal Analysis*

At the outset, it is necessary to recognize the differences between the applicability of collateral estoppel and res judicata. Simply put, collateral estoppel, or issue preclusion, might be applicable where the issue in the second suit was actually litigated in the prior suit. If such issue was not actually litigated in the prior suit, but could have been, then res judicata, or claim preclusion, might be applicable.

Collateral estoppel, requires that four criteria be met before a prior determination is conclusive in a subsequent proceeding:

1. The issue sought to be precluded must be identical to that involved in the prior litigation;
2. The issue must have been actually litigated in the prior litigation;
3. The issue must have been determined by a valid and final judgment; and
4. The determination as to the issue must have been necessary to the judgment.

*See Lovell v. Mixon,* 719 F.2d 1373, 1376 (8th Cir.1983). Thus, application of collateral estoppel is limited to those issues that have been directly and necessarily adjudicated in a prior suit. *See Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767, 776 n. 10 (1979).

Applying these principles to the facts of this case, I find, for a number of reasons, that collateral estoppel is no bar to Plaintiff's nondischargeability complaint. First, Plaintiff's state court complaint and default judgment dealt only with breach of contract and, possibly, fraud. Here, Plaintiff bases her nondischargeability complaint on a theory of conversion, which was not raised in the state court proceeding, and which involves proof of different elements. As Plaintiff suggests, it is the legal issues and not just the underlying facts that must be identical in order for collateral estoppel to apply.

Second, a state court default judgment is not sufficient to support the "actually litigated" requirement of collateral estoppel. *In re Sheahan,* 87 B.R. 67, 69 (Bankr.E.D.Mo.1988); *see Spilman v. Harley,* 656 F.2d 224, 228 (6th Cir.1981).

And third, a determination on the conversion issue was not necessary to the default judgment, based on breach of contract, which was entered against Debtor in the state court action. Nor would it have been necessary to the fraud count which was pled, but apparently was not proven, in the state court action. This Court is not precluded, under principles of collateral estoppel, from considering and deciding an issue never before resolved. I find, therefore,

that collateral estoppel, or issue preclusion, does not bar Plaintiff from litigating the conversion issue in this dischargeability proceeding.

■ Debtor also contends that the broader doctrine of res judicata operates to preclude this Court from considering the nature of Debtor's obligation to Plaintiff. In state court proceedings, the doctrine of res judicata bars the relitigation of issues which were, or *could have been*, litigated in the prior action. *See Lovell v. Mixon*, 719 F.2d at 1376. Thus, if Debtor were not in bankruptcy, and Plaintiff simply filed a second suit—for conversion—in state court, res judicata might be applicable. However, the doctrine of res judicata is effectively modified where the second proceeding is a bankruptcy dischargeability action.

In *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court determined that a bankruptcy court was not barred by the doctrine of res judicata from inquiring into the nature of a debt in order to determine its dischargeability. *Brown v. Felsen* is factually very similar to the case now before this Court. There, the parties had stipulated to judgment in a state court proceeding. The issue of misrepresentation had been raised in the pleadings, but the stipulation did not indicate whether or not the debtor had committed fraud. 442 U.S. at 128, 99 S.Ct. at 2205. When the debtor later filed a petition in bankruptcy, the creditor sought to establish that the debt was not dischargeable. As in this case, the debtor argued that res judicata barred relitigation of the nature of the debt because it was a matter that could have been decided in the prior state court proceeding. The Supreme Court disagreed.

Among other reasons for its decision, the Supreme Court noted that the issues relevant to the dischargeability proceeding were largely immaterial to the state court action. The state court was simply asked to determine whether a debt was owed and if so how much. Applying res judicata would penalize the creditor for not proving other causes of action which only became critical once a bankruptcy was later filed.

As a result, *Brown v. Felsen* has been interpreted to mean that the exclusive jurisdiction granted to bankruptcy courts to determine dischargeability questions prevents application of res judicata in cases where the issue has not actually been litigated, *See In re Garner*, 881 F.2d 579, 581 (8th Cir.1989), *rev'd on other grounds*, *Grogan v. Garner*, —— U.S. ——, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

In this case, applying res judicata would similarly bind this Court to a state court proceeding in which the issue of conversion—which gives rise to a dischargeability question—was not before that court. In order to get her judgment in state court, Plaintiff needed only to prove the elements of a claim for breach of contract. Therefore, there was little incentive on Plaintiff's part to raise issues, such as conversion, which are relevant to dischargeability, but are not necessary to resolve the question of whether or not a debt is owed. Since the cause of action for conversion was not actually litigated in the prior proceeding, the reasoning of *Brown v. Felsen* dictates against the application of res judicata in the subsequent bankruptcy proceeding.

Based on the foregoing, I find that neither collateral estoppel nor res judicata apply to prevent Plaintiff from seeking a determination that the debtor committed conversion, and from seeking a further determination that any debt owed by reason of such conversion is nondischargeable. Therefore, Debtor's Motion for Judgment on the Pleadings should be denied.

A separate Order consistent with this Memorandum Opinion will be entered this date.