PER CURIAM.
 

 The appellee, Laymon Berman Walker, ran as sole proprietor a hardware store in Maryville, Missouri. In late 1979 he became ill and his wife took control of the business for about two years, with lesser involvement of Mr. Walker. During this time Mrs. Walker assigned fictitious accounts receivable to the appellant bank. The bank paid for these assigned accounts by directly depositing some $43,000.00 in the hardware store’s bank account. The Walkers used this money to pay both business and personal expenses. After this scheme was discovered, Walker filed a petition in bankruptcy under Chapter 7. On grounds of fraud the bank objected to the discharge of the $43,-000.00 debt incurred while Mrs. Walker ran the business. 11 U.S.C. § 523(a)(2)(A). The bankruptcy court found that Mrs. Walker was her husband’s agent and that as principal he was responsible for her fraud, even though for purposes of decision it accepted Walker’s testimony that he actually did not know of the fraud. The district court reversed, holding that before the fraud can be imputed to the debtor-principal it must be shown that the debtor-principal knew or should have known of his agent’s fraud. The district court accepted without qualification the bankruptcy court’s finding that Walker did not know of his wife’s fraud, noted the lack of clear showing that Walker should have known of it, and held that the debt was dischargeable. The bank appeals.
 

 It is not now disputed that Mrs. Walker was her husband’s agent, nor is it disputed that Mr. Walker is liable to the bank for the money fraudulently obtained by Mrs. Walker. The only question is whether that debt is dischargeable under the Bankruptcy Code. 11 U.S.C. § 523(a)(2)(A).
 

 
 *454
 
 Proof that a debtor’s agent obtains money by fraud does not justify the denial of a discharge to the debtor, unless it is accompanied by proof which demonstrates or justifies an inference that the debtor knew or should have known of the fraud.
 
 In re Lovich,
 
 117 F.2d 612, 614-15 (2d Cir.1941). If the debtor was recklessly indifferent to the acts of his agent, then the fraud may also be attributable to the debtor-principal.
 
 E.g., David v. Annapolis Banking & Trust Co.,
 
 209 F.2d 343, 344 (4th Cir.1953). In the cases cited to us, the debtors were found to be recklessly indifferent because they had signed false documents without examining them.
 
 Id.; Gardner v. American Century Mortgage Investors,
 
 577 F.2d 928, 929 (5th Cir.1978);
 
 In re Santos,
 
 211 F.2d 887, 889 (7th Cir.1954); In
 
 re Savarese,
 
 209 F. 830, 832 (2d Cir.1913). Despite the debtors’ lack of actual knowledge, the courts in those cases refused to discharge the debts because the debtors had no reason, good or bad, for their lack of knowledge. In other words, the debtors in those cases should have known of the fraud. It is clear, however, that failure to read a document prepared by one’s agent before signing it is not the only kind of act which can constitute “reckless indifference.” The debtor who abstains from all responsibility for his affairs cannot be held innocent for the fraud of his agent if, had he paid minimal attention, he would have been alerted to the fraud.
 
 See In re Savarese,
 
 209 F. at 832;
 
 David,
 
 209 F.2d at 344.
 

 Thus, we agree with the district court that more than the mere existence of an agent-principal relationship is required to charge the agent’s fraud to the principal. However, as indicated, actual participation in the fraud by the principal is not always required. If the principal either knew or should have known of the agent’s fraud, the agent’s fraud will be imputed to the debtor-principal. When the principal is recklessly indifferent to his agent’s acts, it can be inferred that the principal should have known of the fraud.
 

 Whether a principal knew or should have known of his agent’s fraud is, of course, a question of fact. The question was not expressly decided by the bankruptcy court. The bankruptcy court believed that once it was shown that Mrs. Walker was her husband’s agent, Mr. Walker’s knowledge of the fraud was not crucial.
 

 The bankruptcy court did make some observations, unnecessary to its decision as it viewed the law, which speak to the question whether Mr. Walker knew or should have known of the fraud. That court noted that “the evidence does not show that [Walker] expressly and specifically authorized his wife to make misrepresentations,” and stated that “[h]is testimony ... is uncontradicted to the effect that he did not actually know of his wife’s misrepresentations.” The court went on to note that the debtor “had the means and opportunity to discover with facility the course of fraud practiced by his wife.”
 

 The evidence on the “knew or should have known” issue is conflicting. The extent to which Mr. Walker was involved in running the business and the nature of his involvement are debatable. In view of the wife’s admitted business inexperience, some supervision undoubtedly was required and undoubtedly Walker participated to some extent.
 

 In the circumstances, we are unable to characterize the bankruptcy court’s statements as findings that Walker did not know of his wife’s fraud. Rather, we believe that court merely accepted Mr. Walker’s claim
 
 arguendo.
 
 Similarly, and again in light of its misapprehension of the law, we are unwilling to conclude that the bankruptcy court specifically found that Mr. Walker
 
 should have
 
 discovered the fraud.
 

 Since the record evidence is subject to differing interpretations and the findings of the bankruptcy court, as indicated, are not presently acceptable as decisive of the basic issue, we believe that the district court erred in finding a want of showing that Mr. Walker knew, or should have known, of his wife’s fraud. The question is one of fact to be decided in the first instance by the bankruptcy court, and we findx a remand to the bankruptcy court for fur
 
 *455
 
 ther findings of fact and conclusions of law is required.
 

 The judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.