**In re Edwin Jordan MASTERS, M.D. and Jacqueline Gayle Masters, Debtors.**

**FIRST NATIONAL BANK OF SIKESTON, Plaintiff,**

**v.**

**Edwin Jordan MASTERS, M.D. and Jacqueline Gayle Masters, Defendants.**

**Bankruptcy No. 83–00117(SE).**
**Adv. No. 83–0139(SE).**

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

April 18, 1984.

See also, Bkrtcy, 42 B.R. 748.

Kent Wunderlich, Memphis, Tenn., James R. Robison, Sikeston, Mo., for plaintiff.

Paul H. Berens, Cape Girardeau, Mo., for debtors.

William H. Frye, Cape Girardeau, Mo., Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

Plaintiff has filed a complaint seeking a determination that certain indebtedness owed it by Defendants is nondischargeable under 11 U.S.C. § 523(a)(2)(B). In support of its complaint, Plaintiff alleges that Defendants knowingly and fraudulently submitted materially false financial statements to it in order to induce Plaintiff to make the loan from which the indebtedness arises.

The financial statements attached to the Plaintiff's complaint and upon which it bases its aforementioned allegations were actually signed only by Defendant, Edwin Jordan Masters. Hence, Defendant Jacqueline Gayle Masters has filed a Motion For Summary Judgment asserting that her indebtedness to Plaintiff is dischargeable as a matter of law.

In support of her motion, Mrs. Masters attached her own affidavit. In the affidavit, she essentially states that in addition to not signing the financial statements in question, she never saw the financial statements in question, was never involved in any of the loan negotiations preceding Plaintiff's extension of credit, and prior to her execution of the promissory note on which her indebtedness is based, was unaware of the loan transaction.

For its opposition to the motion, Plaintiff filed the affidavit of one William Bess, a vice-president of the Plaintiff. Mr. Bess states in addition to his position with Plaintiff as follows:

2. I am familiar with the loan made by the First National Bank of Sikeston dated February 23, 1981, in the original principal amount of $174,297.66.

3. At the time the note was executed on February 23, 1981, Jacqueline Gayle Masters was present along with Edwin J. Masters, Delmar Alcorn, Sr., Helen Alcorn, Delmar Alcorn, Jr., and Elizabeth Alcorn.

I stated to both Dr. and Mrs. Masters that the Bank was relying on their financial strength to repay the indebtedness evidenced by the February 23, 1981 note.

Plaintiff also filed an excerpt from Mrs. Masters' deposition. In this excerpt, Mrs. Masters stated that she left the handling of the loan transactions in question to her husband and co-defendant, Edwin Masters, and that she had a joint interest in some of

the property listed in these financial statements.

Rule 56(e) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7056, provides, in part, that:

.... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ Hence, although Plaintiff in its complaint, as amended, alleges that Mrs. Masters knew or should have known of the alleged inaccuracies in these financial statements and that she caused the financial statements to be submitted to Plaintiff with the intent to deceive Plaintiff, Plaintiff must now produce some evidence from which fraudulent intent on the part of Mrs. Masters could be reasonably inferred. After reviewing the record before the Court on this motion, the Court finds and concludes that Plaintiff has produced no such evidence and that, therefore, no genuine issue of material fact exists as to the dischargeability of Mrs. Masters' liability to Plaintiff.

At most, the facts asserted by Plaintiff show that the financial statements contained assets owned jointly by Mr. and Mrs. Masters, that Mrs. Masters was aware that Plaintiff was relying on her as well as Mr. Masters' financial strength in making the loans in question, and that Mrs. Masters may, at whatever time she learned of them, have entrusted the handling of the loan transactions to Mr. Masters. There are no facts asserted from which knowledge or the opportunity to gain knowledge of the contents of the financial statements in question can be inferred nor were any facts even asserted to suggest that Mrs. Masters was aware prior to the loans in question, that Mr. Masters had prepared or submitted financial statements to Plaintiff.

Plaintiff, in its memorandum, asserts that Mrs. Masters had, by her entrustment of the loan negotiations to Mr. Masters, made him her agent and, presumably, his alleged fraudulent intent is imputable to Mrs. Masters.

The U.S. Eighth Circuit Court of Appeals in the recent case of *Walker v. Citizens State Bank of Maryville, Missouri,* 726 F.2d 452, 11 B.C.D. 737 (1984) held that the fraud of an agent cannot be imputed to the agent's principal. As the Court stated at page 738 of this opinion:

Thus, we agree with the district court that more than the mere existence of an agent-principal relationship is required to charge the agent's fraud to the principal. However, as indicated, actual participation in the fraud by the principal is not always required. If the principal either knew or should have known of the agent's fraud, the agent's fraud will be imputed to the debtor-principal. When the principal is recklessly indifferent to his agent's acts, it can be inferred that the principal should have known of the fraud.

■ Since Plaintiff has no evidence that Mrs. Masters knew that a financial statement was ever submitted to Plaintiff, it cannot prove that she knew or should have known of its contents or was recklessly indifferent to the same. Further, absent some evidence that Mrs. Masters knew of the financial statements, Plaintiff cannot prove that Mrs. Masters caused these statements to be *made* or *published* with the intent to deceive.

An order consistent with this opinion will be entered this date.