In re Mary A. CROTEAU, Debtor.

**Thomas Mack FISER and Janice Fiser, Plaintiffs,**

v.

**Mary A. CROTEAU, Defendant.**

**Bankruptcy No. 86–04042–BKC–TCB. Adv. No. 87–0149–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

May 20, 1987.

Joel M. Weissman, P.A., Palm Beach, Fla., for plaintiff.

Leslie Gern Cloyd, West Palm Beach, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The plaintiffs hold a $17,878 judgment against the debtor. They seek exception from discharge for that claim under 11 U.S.C. § 523(a)(2). The debtor has answered. The matter was tried on May 5.

In April 1984 plaintiffs purchased a duplex from the debtor. A real estate agent representing the debtor handled the sale. Plaintiffs dealt solely with the agent. They never had any contact with the debtor until the closing. The closing statement which was signed by plaintiffs contains entries for roof repairs and termite inspection and treatment. It is undisputed that a new roof was installed and that a termite inspection was made prior to the closing. However, plaintiffs allege that the debtor obtained money from them by false representations as to the habitability of the premises by failing to advise them of water damage caused by flooding and termite damage. Plaintiffs have alleged that the foregoing conduct is a "misrepresentation"

by the debtor entitling plaintiffs to exception from discharge under § 523(a)(2).

The plaintiffs have presented no basis for exception under § 523(a)(2)(B). Their argument is made under § 523(a)(2)(A). It is plaintiffs' burden under § 523(a)(2)(A) to prove that a misrepresentation was made "with the purpose and intention of deceiving the creditor." *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir.1986). Exception from discharge under this subsection requires:

> "moral turpitude or intentional wrong; fraud implied in law which may exist without imputation of bad faith or immorality, is insufficient. It must further affirmatively appear that such representations were knowingly and fraudulently made...." 3 *Collier on Bankruptcy* ¶ 523.08[4] (15th ed. 1987).

The roof repairs and termite treatment were disclosed, and a full opportunity to inspect the premises was available to plaintiffs. The debtor's attempt to clean up after a flooding was reasonable and done in good faith. It is clear that the foregoing facts do not constitute false pretenses, a false representation, or actual fraud as to this debtor for the purposes of this statutory provision.

The debtor's responsibility for the statements of the real estate broker with respect to the condition of the premises must rest upon the apparent agency relationship and would require a finding that the debtor either knew or should have known that the agent falsely represented that there was no termite damage. *See Walker v. Citizens State Bank of Mo. (In re Walker)*, 726 F.2d 452, 454 (8th Cir.1984), where the court said:

> "Proof that a debtor's agent obtains money by fraud does not justify the denial of a discharge to the debtor, unless it is accompanied by proof which demonstrates or justifies an inference that the debtor knew or should have known of the fraud...."

I can make no such finding with respect to the debtor. The limited direct contact that the debtor had with plaintiffs gives no basis to establish that the debtor could anticipate or control what was said by the agent. The debtor was not recklessly indifferent to the agent's acts and the acts will not be imputed to the debtor.

In 1984, plaintiffs sued the broker, the real estate agency and the debtor in State court for damages, rescision of the purchase contract and return of the purchase price. A judgment was entered against the debtor for $17,878.

The plaintiffs seek to use this judgment as the predicate for exception from discharge. Plaintiffs have alleged the facts set forth in the State court action and assert that "the judgment was based on fraud".

No part of the record of the state litigation has been brought to my attention other than the third amended complaint and the judgment. As has already been indicated, there must be proof of actual fraud involving moral turpitude to support exception from discharge, not fraud implied by law. The State court judgment does not furnish a basis for any such finding. *See Wright v. Lubinko*, 515 F.2d 260, 263 (9th Cir.1975). Although that decision preceded the present Bankruptcy Code, there is no material change in the present statute. 3 *Collier on Bankruptcy* ¶ 523.08[5] (15th Ed. 1987).

I have not overlooked the case cited by plaintiffs with respect to the duty of a seller of a home to disclose facts materially affecting the value of the property. *Johnson v. Davis*, 480 So.2d 625 (Fla.1985). However, there is no proof in the record before me of positive fraud as required under the statute.

Plaintiffs have failed to carry their burden. The evidence does not support an exception to discharge under § 523(a)(2). *See generally In re Hunter*, 780 F.2d 1577 (11th Cir.1986).

As is required by B.R. 9021(a), a separate judgment will be entered dismissing this complaint with prejudice. Costs may be taxed on motion.