In re Angelita **MARTINEZ**, Debtor.

Barbara **LOPEZ**, Plaintiff,

v.

Angelita **MARTINEZ**, Defendant.

Bankruptcy No. 88 B 19051.
Adv. No. 89 A 0284.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 26, 1990.

Joseph Wrobel, Chicago, Ill., for debtor/defendant.

Frank Grenard, Anthony C. Swanagan, Jones, Ware & Grenard, Chicago, Ill., for plaintiff.

## MEMORANDUM OPINION

RONALD BARLIANT, Bankruptcy Judge.

The plaintiff in this adversary proceeding, Barbara Lopez, seeks a determination that a default judgment entered against the Debtor/defendant, Angelita Martinez, in a state court proceeding is not dischargeable under 11 U.S.C. § 523(a)(6).[1] The state court complaint that the plaintiff filed against the Debtor/defendant alleged that the Debtor had willfully committed a battery against the plaintiff. The state court proceeding resulted in entry of a default judgment against Ms. Martinez in the amount of $17,500.00.

After consideration of the testimony presented at trial and the record of the state court proceedings provided by counsel, I find that Ms. Martinez' conduct toward Ms. Lopez was not willful and malicious and conclude that Ms. Martinez' obligation under the state court default judgment is dischargeable. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and this opinion constitutes the Court's findings of fact and conclusions of law.

## BACKGROUND

The incident between Ms. Lopez and Ms. Martinez that is the subject of this proceeding occurred on April 30, 1982. The two women were patrons of a bar in their neighborhood on that evening. They had first met approximately one month earlier when Ms. Lopez visited Ms. Martinez' residence to complain that Ms. Martinez' son had physically abused Ms. Lopez. Ms. Lopez subsequently lodged a complaint against Ms. Martinez' son which resulted in the son's arrest.

On the evening of April 30, 1982, at the bar known as Candy's Place, words were exchanged between Ms. Lopez and Ms. Martinez concerning the arrest of Ms. Martinez' son and the role that Ms. Lopez

---

1. A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . . .

(6) for willful and malicious injury by the debtor to another entity;

played in that event. Ms. Martinez admits that during the course of the evening, she responded to one of Ms. Lopez' remarks by pushing Ms. Lopez away from her. Ms. Lopez alleges that Ms. Martinez did not merely push her, but that Ms. Lopez was seriously injured when Ms. Martinez, over a four to five minute period, beat, scratched, and kicked her and hit her with a chair.

Ms. Lopez filed a complaint against Ms. Martinez in the Circuit Court of Cook County in 1983, alleging that Ms. Martinez had willfully and maliciously committed a battery against her. A default judgment of $17,500.00 was entered against Ms. Martinez on April 2, 1986 in the Circuit Court. That judgment order does not contain any findings about the issues of willful or malicious conduct, but it does allocate the amount of the judgment as $7,500.00 in actual damages and $10,000.00 in punitive damages.

Ms. Martinez filed a Chapter 7 petition under Title 11 U.S.C. of the Bankruptcy Code with this court on December 9, 1988, and listed the $17,500.00 default judgment in favor of Ms. Lopez on her bankruptcy schedules. Ms. Lopez timely filed a complaint to determine dischargeability of the default judgment obligation. The complaint alleges that the Debtor's obligation to Ms. Lopez is not dischargeable under 11 U.S.C. § 523(a)(6), which excepts from discharge debts deriving from willful and malicious injury.

Ms. Lopez alleges that as a result of the default judgment entered in the Circuit Court, Ms. Martinez is collaterally estopped from denying that her conduct was willful and malicious. In the alternative, she argues that the evidence adduced at trial requires a finding that the Debtor's conduct was willful and malicious. Ms. Martinez denies that the debt to Ms. Lopez derived from willful and malicious injury.

COLLATERAL ESTOPPEL

 11 U.S.C. § 523(c) gives bankruptcy courts exclusive jurisdiction to determine the dischargeability of debts under 11 U.S.C. § 523(a)(6). When the issue of malice has not been litigated between the parties in the state court proceedings, the bankruptcy court may make the determination. *Williams v. Colonial Discount Company,* 207 F.Supp. 362 (N.D.Ga.1962).

 It is accepted that a bankruptcy court may be precluded from re-litigating an issue that meets the four-part test stated in *Klingman v. Levinson,* 831 F.2d 1292 (7th Cir.1987):

> (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) the determination must have been essential to the prior judgment and (4) the party against whom estoppel is invoked must be fully represented in the prior action.

However, the elements of a state court action are rarely identical to the burden placed upon a creditor seeking to deny discharge of a debt, especially under 11 U.S.C. § 523(a)(6) where both willfulness *and* maliciousness must be proven. *In re Rudd,* 104 B.R. 8 (Bkrtcy N.D.Ind.1987). Under Illinois law it is possible to find a defendant liable for battery without finding the intent necessary for a finding of malice. *Cowan v. Insurance Company of North America,* 22 Ill.App.3d 883, 318 N.E.2d 315 (1974). Also, a punitive damage award is not conclusive as to a finding of malice by a state court, as punitive damages may be awarded under circumstances where malice is not present. *Kelsay v. Motorola, Inc.* 74 Ill.2d 172, 23 Ill.Dec. 559, 384 N.E.2d 353 (1979).

Additionally, in its analysis of the effect of collateral estoppel in bankruptcy cases, the *Rudd* court observed that collateral estoppel is least likely to bar litigation of issues in bankruptcy courts when the claim of estoppel is based on a default judgment. The court reasoned that the record when such a default judgment is entered, as in the case at bar, rarely reflects findings of facts sufficient to meet the requirement that the issue to be precluded has been actually and necessarily litigated. *Rudd,* 104 B.R. at 21.

 Here the record provided to this Court regarding the default judgment entered in the Circuit Court of Cook County does not show that the issue of malice was

actually and necessarily litigated in that court. Therefore, I conclude that the default judgment does not collaterally estop the Debtor, Ms. Martinez, from litigating the issue of malice under § 523(a)(6).

### TRIAL EVIDENCE

■ To deny discharge of a debt under § 523(a)(6), Ms. Lopez must establish that the obligation owed to her by Ms. Martinez is based upon Ms. Martinez' willful and malicious conduct injuring Ms. Lopez. Ms. Martinez does not deny that she willfully pushed Ms. Lopez. However, she does dispute Ms. Lopez' characterization of this act as malicious.

The Seventh Circuit has not yet announced the proper standard for malice under § 523(a)(6). The court in *United Bank of Southgate v. Nelson*, 35 B.R. 766 (Bkrtcy.N.D.Ill.1983), identified a trend in the bankruptcy courts of allowing malice to be established not only by an actual, conscious intent to injure, but also through implied or constructive malice. Therefore, "a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful or malicious injury". *3 Collier on Bankruptcy* ¶ 523.16 at 523–117 (15th ed. 1988).

I find, however, that even under the constructive or implied standard for malice, Ms. Lopez has failed to carry her burden of proving that the Debtor maliciously injured her.

■ Based upon the evidence presented at trial and my assessment of the credibility of the witnesses and their reiteration of the events, I do not find that the Debtor beat Ms. Lopez as described in her testimony. Although the Debtor did willfully push Ms. Lopez, I cannot find that Ms. Martinez intended to injure the plaintiff or could have reasonably expected that pushing her to remove her from the Debtor's immediate vicinity would necessarily result in injury. Ms. Lopez' did not produce a witness to the prolonged attack she described in a bar in

which friends were present nor did she offer any medical proof of a beating of the sort she described. And, although this Court claims no expertise in the subject of barroom brawls, it does not seem probable that a four or five minute assault would have happened without anyone attempting to stop it. The only evidence was the testimony of the two parties, and the plaintiff's evidence, when weighed against Ms. Martinez' conflicting testimony, fails to establish malice by a preponderance of the evidence.[2]

Therefore, I conclude that the plaintiff, Barbara Lopez, has failed to carry her burden of proving that the Debtor/defendant, Angelita Martinez, willfully and maliciously injured her. Accordingly, the obligation deriving from the state court judgment is not a debt excepted from discharge by § 523(a)(6) and is subject to discharge under § 727(a).

An Order will be entered accordingly.

---

2. Although I believe the correct standard is preponderance of the evidence (*see, In re Watkins*, 90 B.R. 848 (Bankr.E.D.Mich.1988)), other courts would apply the clear and convincing standard. *See, In re Iaquinta*, 95 B.R. 576, 578 (Bankr.N.D.Ill.1989). The Seventh Circuit Court of Appeals has not resolved the issue with respect to proceedings under 11 U.S.C. § 523(a)(6). Obviously, since the plaintiff has not satisfied the preponderance standard, she could not satisfy the clear and convincing test.