**In re Brian ASBURY and Patricia A. Asbury, a/k/a Patricia A. Christisen, Debtors.**

**Michael R. MEYER, Executor of the Estate of Eugene H. Meyer, Plaintiff,**

**v.**

**Brian ASBURY, Defendant.**

**Bankruptcy No. 95–10552–399. Adv. No. 96–1005.**

United States Bankruptcy Court, E.D. Missouri, Southeastern Division.

April 1, 1996.

James J. Haller, Columbia, IL, for Plaintiff.

Dennis C. Brewer, Perryville, MO, for Defendant.

### MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

Plaintiff's Motion for Summary Judgment in this adversary proceeding presents the issue of whether collateral estoppel precludes a debtor from litigating an issue in a bankruptcy court dischargeability action when a default judgement previously was entered against the debtor in a state court action. The Court holds that it does not.

## JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 9.01(B) of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(I).

## STATEMENT OF FACTS

Prior to the bankruptcy filing, Eugene Meyer sued Brian Asbury ("Asbury") for personal injury in the Twentieth Judicial Circuit Court of Randolph County, Illinois.[1] The Circuit Court issued an Order holding Asbury in default (the "Default Order").[2] The Default Order expressly provided that it would be rescinded upon Asbury's appearing for a deposition. Asbury failed to make himself available for a deposition, and the Circuit Court entered judgement (the "Default Judgement") for Meyer and against Asbury in the sum of $50,000.00 plus plaintiff's costs. The Default Judgement was not appealed.

Asbury has filed a Chapter 7 petition in this Court. Michael R. Meyer, Executor of the Estate of Eugene H. Meyer, ("Meyer") filed a Complaint For The Determination Of Dischargeability Of A Debt (the "Complaint") under 11 U.S.C. § 523(a)(6).[3],[4]

Meyer has moved for summary judgement in the adversary proceeding pursuant to Fed. R.Civ.P. 56(a), incorporated by reference in Fed.R.Bankr.P. 7056. Meyer argues that he was entitled to judgement as a matter of law because the Default Order found in Meyer's favor on "all issues listed in Plaintiff's Complaint." Specifically, Meyer points to the following allegation in his Circuit Court complaint: "That the acts of the Defendant, Bri-

an K. Asbury, were willful, wanton and malicious."

Asbury filed Suggestions in Opposition to Motion for Summary Judgement (the "Suggestions"). In his Suggestions, Asbury argues that his actions giving rise to the state court litigation were in self defense, and that his failure to appear in the state court action was a "mistake in judgement" in not retaining counsel and because he believed the charges were meritless. Asbury also argues that the Default Judgement was not the "legitimate conclusion of any court except by default, and was not the conclusion of any jury."

## DISCUSSION

The question presented by Meyer's Motion for Summary Judgement is whether the Illinois state court default judgment collaterally estops Asbury from relitigating the issue of whether Asbury willfully and maliciously injured Meyer in this dischargeability proceeding.

### Summary Judgement

■ Summary judgement is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." Fed.R.Civ.P. 56(c). Facts must be viewed in the light most favorable to the nonmoving party, who must be given the benefit of all reasonable inferences that may be made from the facts disclosed in the record. *Laws v. United Missouri Bank of Kansas City, N.A.,* 188 B.R. 263 (W.D.Mo.1995) *citing Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153–61, 90 S.Ct. 1598, 1606–10, 26 L.Ed.2d 142 (1970); *Raschick v. Prudent Supply, Inc.,* 830 F.2d

---

1. *Eugene H. Meyer vs. VFW Kaskaskia Post 3553, Knights of Columbus Council 3790, American Legion Alva Courier Post 487, and Brian Asbury,* Case No. 92–L–11.

2. The April 15, 1993 Order stated: "It is HEREBY ORDERED AND ADJUDGED that the Defendant, Brian Asbury, is held in default and all issues listed in Plaintiff's Complaint are found in favor of Plaintiff and against Defendant, Brian Asbury."

3. The Bankruptcy Code is 11 U.S.C. §§ 101–1330. All future references are to Title 11 unless otherwise indicated.

4. § 523(a)(6) provides: "A discharge under section 727 ... of this title does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity."

1497, 1499 (8th Cir.1987), *cert. denied,* 485 U.S. 935, 108 S.Ct. 1111, 99 L.Ed.2d 272 (1988).

A party seeking summary judgement bears the initial burden of demonstrating to the court that an essential element of the nonmoving party's case is lacking. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to come forward with sufficient evidence to demonstrate that there is a factual controversy as to that element, or to explain why such evidence is currently not available. *Id.;* Fed.R.Civ.P. 56(e). If the nonmoving party fails to so respond, summary judgement, if appropriate, shall be entered against such party. *Id.* The nonmoving party must come forward with sufficient evidence to allow a reasonable jury to find in its favor. *Id.*

### The Applicability of Collateral Estoppel in Dischargeability Actions

■ It is well settled that collateral estoppel applies in bankruptcy court to bar the relitigation of factual or legal issues that were determined in a prior state court action. *Grogan v. Garner,* 498 U.S. 279, 284–285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)"); *See also In re Miera,* 926 F.2d 741 (8th Cir.1991). The confusion in applying the doctrine of collateral estoppel to state default judgements arises in deciding *which* preclusion law to apply; specifically, whether federal rules of collateral estoppel apply or whether the law from the state in which the judgement was entered applies.

■ The analysis begins by looking to the full faith and credit statute at 28 U.S.C. § 1738:

[The] ... judicial proceedings of any court of any such State ... shall have the same

full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory of Possession from which they are taken.

The Supreme Court has stated that "[§ 1738] directs a federal court to refer to the preclusion law [5] of the state in which the judgement was rendered." *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985); *See also Migra v. Warren City School Dist. Board of Ed.,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). "It has long been established that § 1738 does not allow federal courts to employ their own rules of res judicata in determining the effects of state judgements. Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the state from which the judgement was taken." *Marrese,* 470 U.S. 373 at 380, 105 S.Ct. 1327 at 1332 *citing Kremer,* 456 U.S. 461, 481–482, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982). Applying these principles, this Court must determine the effect that Meyer's Default Judgement would have under Illinois law.

Many bankruptcy court decisions have not focused on this interpretation and application of § 1738. *See e.g. In re Byard,* 47 B.R. 700, 703 (Bankr.M.D.Tenn.1985); *In re Leigh,* 165 B.R. 203, 216–217 (Bankr.N.D.Ill.1993). Cases from our circuit have also glossed over this distinction between federal collateral estoppel and state law collateral estoppel.[6]

■ Under Illinois law, collateral estoppel is "limited to the precise factual or legal issues actually litigated and decided when a prior order was entered." *In re Leigh,* 165

---

5. Collateral estoppel also is referred to as "issue preclusion." Res judicata, which is not relevant to the determination of this case, is referred to as "claim preclusion."

6. As Judge Kishel stated in *In re Brandl,* 179 B.R. 620, 623 n. 8 (Bankr.D.Minn.1995): "Recent decisions rendered within the Eighth Circuit—in-

cluding some by the undersigned—have blurred this technical distinction when applying collateral estoppel in dischargeability proceedings." Judge Kishel cited as examples: *In re Miera,* 104 B.R. 150, 156 (Bankr.D.Minn.1989), *aff'd* 926 F.2d 741, 743 (8th Cir.1991); *In re Gibson,* 149 B.R. 562, 568 (Bankr.D.Minn.1993); *In re Swan,* 156 B.R. 618, 622 (Bankr.D.Minn.1993).

B.R. 203, 217 (Bankr.N.D.Ill.1993) [7] *quoting People v. Williams,* 138 Ill.2d 377, 393, 150 Ill.Dec. 498, 563 N.E.2d 385 (1990). Collateral estoppel also is limited to particular facts and issues in common between the prior and subsequent actions that are material to the dispositions of both. *Leigh,* 165 B.R. at 217 *quoting Cirro Wrecking Co. v. Roppolo,* 153 Ill.2d 6, 20, 178 Ill.Dec. 750, 605 N.E.2d 544 (1992).

 The elements of collateral estoppel under Illinois law are:

(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question,

(2) the party against whom estoppel is asserted was a party or in privity with a party to the prior litigation,

(3) there has been a final judgement on the merits in the former suit, and

(4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in a prior suit.

*Leigh,* 165 B.R. 203 (Bankr.N.D.Ill.1993); *Sampson v. Cape Industries, Ltd.,* 229 Ill. App.3d 943, 948–949, 171 Ill.Dec. 338, 593 N.E.2d 1158 (4th Dist.1992). Meyer, as the party asserting collateral estoppel, bears the burden of showing with clarity and certainty that the identical and precise issue was decided in the previous action. *Leigh,* 165 B.R. at 217 *citing Benton v. Smith,* 157 Ill.App.3d 847, 853, 109 Ill.Dec. 884, 510 N.E.2d 952 (1st Dist.1987).

 Asbury asserts the Illinois court's conclusion that the injury was the result of "willful and malicious" action is not a legitimate conclusion because it was based upon a default judgement, and that the Illinois court can make that determination only upon a showing of evidence. Presumably, Asbury argues that the issue of "willful and malicious" was not actually litigated before the Illinois court.

 The actually litigated requirement set out in *Williams,* 138 Ill.2d 377, 393, 150 Ill.Dec. 498, 563 N.E.2d 385 for the application of collateral estoppel indicates that con-

cern for judicial economy is tempered by need for some assurance that resolution of issues in the first proceeding is reliable. *In re Dvorak,* 118 B.R. 619, 624–625 (Bankr. N.D.Ill.1990). Unfortunately, this Court found no Illinois cases which have decided whether a default judgement satisfies the "actually litigated" requirement under Illinois law.

The court in *In re Leigh,* 165 B.R. 203, 218 (Bankr.N.D.Ill.1993), described a split of authority on the issue which the Court faces today. One line of cases read the actually litigated requirement narrowly, denying collateral estoppel effect to default judgements, consent judgements, and uncontested summary judgements in all but a few cases. *Leigh,* 165 B.R. 203 at 218 *citing* 1B James W. Moore, *Moore's Federal Practice,* par. 10.444 (2d ed. 1992); *Grip–Pak, Inc. v. Illinois Tool Works, Inc.,* 694 F.2d 466, 469 (7th Cir.1982), *cert. denied,* 461 U.S. 958, 103 S.Ct. 2430, 77 L.Ed.2d 1317 (1983) ("a default judgement is not a proper basis for collateral estoppel" *citing* 1 Restatement of Judgements (Second) § 27e at p. 257). Another line of cases provides that collateral estoppel may be applies to some default, consent, and uncontested summary judgements. *Leigh,* 165 B.R. 203 at 218 *citing Katahn Assoc., Inc. v. Wien,* 155 B.R. 479, 485 (Bankr. N.D.Ill.1993).

In *Leigh,* the Court held that collateral estoppel could not applied to an order of summary judgement which lacked specific findings of fact or conclusions of law from. 165 B.R. 203 at 219. The *Leigh* court cited *In re Martinez,* 110 B.R. 353, 355–356 (1990), a case with almost identical facts as the present case, for the proposition that a debtor is not collaterally estopped from litigating whether a judgement is non-dischargeable as debt resulting from willful and malicious injury where the *record* showing an entry of judgement *does not indicate* that the issue of malice was actually and necessarily litigated. *Leigh,* 165 B.R. 203 at 218 (emphasis added).

---

7. For purposes of clarification, *In re Leigh* is a Northern District of Illinois Bankruptcy Court decision which explains the differing interpretations of 28 U.S.C. § 1738 and which applies Illinois collateral estoppel law.

The Court concludes that the default judgement in the present case does not satisfy the "actually litigated" requirement of collateral estoppel, and it should not have preclusive effect in the dischargeability proceeding.[8] Both the Default Order and the Default Judgement are devoid of *any* findings of fact sufficient to meet the requirement that the issue to be precluded has been actually litigated. The Eighth Circuit held that a state court judgement which *specifically stated* the debtor had breached a fiduciary to creditor collaterally estopped debtor from relitigating the issue of dischargeability. *In re Speight,* 16 F.3d 287 (8th Cir.1994) (emphasis added). Although *Speight* did not involve a default judgement, it does indicate that some factual predicate is required before a judgement can have preclusive effect in a bankruptcy dischargeability proceeding. No factual support is offered in the Default Order or the Default Judgement other than Asbury's failure to appear.

For these reasons, it is

**ORDERED** that the Motion for Summary Judgement be **DENIED.**

It is **FURTHER ORDERED** that trial on Plaintiff's Complaint is set for **APRIL 17, 1996 at 9:00 A.M.** at the United States Courthouse/Federal Building, 339 Broadway Street, Room 202, Cape Girardeau, Missouri, 63701.

---

8. This holding is consistent with bankruptcy courts in the Eighth Circuit which have held that a default judgement does not satisfy the "actually litigated" requirement of collateral estoppel. None of these cases specifically applied state law by application of 28 U.S.C. § 1738. *In re Sheahan,* 87 B.R. 67 (Bankr.E.D.Mo.1988) ("... [T]he judgement at issue here was obtained by default. Consequently, the second element has not been met, in that, the issues therein have not been actually litigated."); *In re Goetz,* 134 B.R. 367 at 368 (Bankr.W.D.Mo.1991); *In re Day,* 137 B.R. 335 at 339 (Bankr.W.D.Mo.1992) *Cf. In re Quinn,* 170 B.R. 1013, 1016 (Bankr.E.D.Mo.1994) (actual litigation requirement satisfied in that issues had been pled in state court action, debtor had filed answer to pleading, and state court had received evidence on the pleadings).