**In re Henry Edward SURLS, Jr. and Terry Lee Surls, Debtors.**

**Robert Neal and Cynthia Neal, Plaintiffs,**

v.

**Henry Edward Surls, Jr. and Terry Lee Surls, Defendants.**

**Bankruptcy No. 99–60071.**
**Adversary No. 99–6020.**

United States Bankruptcy Court, W.D. Missouri.

Aug. 23, 1999.

Motion for Summary Judgment as to Terry Surls and grant the motion as to Henry Surls.

Robert M. Sweere, Springfield, MO, for Plaintiff.

David E. Schroeder, Springfield, MO, for Defendant.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Plaintiffs Robert and Cynthia Neal (the Neals) filed a motion for summary judgment, based upon the doctrines of res judicata and/or collateral estoppel, as to Count I of a Complaint to determine the dischargeability of a judgment debt. Debtors and defendants Henry and Terry Surls (the Surls) object to the granting of such motion claiming there is a factual dispute as to whether the Surls have had a full and fair opportunity to litigate the issue of fraud. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I will deny the Neal's

## FACTUAL BACKGROUND

On March 25, 1998, a Final Judgment was entered against the Surls and in favor of the Neals in the Circuit Court of Greene County, Missouri (the Greene County case).[1] The Final Judgment was entered following the granting of summary judgments as to all counts of the Neals' First Amended Petition (the Petition). The Petition alleged that the Neals and Steel Build Structures, Inc. (SBS), a company owned and operated by Henry Surls, entered into a contract whereby SBS would build a home for the Neals. Henry Surls then told the Neals he needed $45,176.82 to purchase steel for the home immediately, as the price of steel was going to increase. The Neals advanced the money to SBS, but it was not used to purchase steel for their home. The summary judgment as to Count II of the Petition found that Henry Surls made false material representations to the Neals, that the Neals relied upon these representations, and that the Neals were damaged thereby. The Circuit Court, therefore, awarded the Neals actual damages in the amount of $45,182.76. The Circuit Court also found that Henry Surls' actions were willful, malicious, and with evil motive, therefore, the Court awarded the Neals $150,000 in punitive damages.[2] In addition the Circuit Court awarded the Neals $1,955.55 for their costs in bringing the lawsuit.[3] This judgment debt, in the amount of $197,138.31 plus interest at the judgment rate, is the debt at issue in this dischargeability proceeding.

In the Surls response to the motion for summary judgment in this proceeding, counsel for the Surls attached a Docket

---

1. Doc. # 9 (Motion for Summary Judgment on Count I of Compliant to Determine Dischargeability of Debts), Ex. A (Final Judgement in Greene County case).

2. *Id.* at Ex. B (Order Granting Motion for Summary Judgment on Count II of Plaintiffs' First Amended Petition in Greene County case).

3. *Id.* at Ex. A.

Sheet from the Greene County case. It reflects that on October 18, 1996, the Neals filed the Petition, on November 12, 1996, Henry Surls filed an answer, and on December 18, 1996, Terry Surls filed an Answer.[4] On April 10, 1997, counsel for the Surls filed a motion to withdraw as counsel.[5] No explanation for this motion is evident from the Docket Sheet. No action was taken on the motion until September 25, 1997, when the motion was granted. No other attorney filed a notice of appearance on behalf of the Surls. After the withdrawal of counsel, on November 21, 1997, the Neals filed their motion for summary judgment as to Count II of the Petition. The Surls filed no response to the motion. A hearing was scheduled for January 7, 1998, at which neither the Surls nor counsel for the Surls appeared.[6] An Order granting the motion was thereafter signed and filed.

The Neals argue that the Circuit Court made a finding of fraud as to Count II of the Petition, that such finding is binding on this Court, and that a debt for fraud is nondischargeable. They, therefore, claim that there is no genuine issue of material fact precluding judgment as a matter of law.

## DISCUSSION

Rule 7056 of the Federal Rules of Bankruptcy Procedure provides that Rule 56 of the Federal Rules of Civil Procedure applies when one or both parties move for summary judgment in an adversary proceeding in this Court. Rule 56 states that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7] This Court can, therefore, grant the motion for summary judgment in this case if it determines that the doctrines of collateral estoppel or res judicata operate to preclude it from conducting further proceedings on issues that have been litigated and ruled upon in the Greene County case.[8] The Neals can invoke the doctrine of collateral estoppel to bar relitigation of fraud in this case if they can prove the following four elements exist: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment.[9] As to the first element, the Neals argue that the finding of fraud by the Circuit Court renders the debt nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Section 523(a)(2)(A) of the Bankruptcy Code (the Code) excepts from discharge a debt for "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."[10] The Circuit Court stated

4. Doc. # 11 (Response of Defendants in Opposition to Plaintiffs' Motion for Summary Judgment and Suggestions in Support Thereof), Ex. 1 (Docket Sheet from Greene County case).

5. *Id.*

6. *Id.*

7. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Tudor Oaks Limited Partnership v. Cochrane (In re Cochrane),* 124 F.3d 978, 981 (8th Cir.1997), *cert. denied,* 522 U.S. 1112, 118 S.Ct. 1044, 140 L.Ed.2d 109; Fed. R.Civ.P. 56(c).

8. *Vaughn v. Quinn (In re Quinn),* 170 B.R. 1013, 1016 (Bankr.W.D.Mo.1994).

9. *Phoenix Bowling Corp. v. Mason (In re Mason),* 175 B.R. 299, 302 (Bankr.W.D.Mo.1994) (citing *In re Miera,* 926 F.2d 741, 743 (8th Cir.1991); *Lovell v. Mixon,* 719 F.2d 1373, 1376 (8th Cir.1983)).

10. Section 523(a)(2)(A) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual from any debt

. . .

in its Final Judgment that judgment was awarded in favor of the Neals for "fraud against Defendants Henry E. Surls a/k/a Henry E. Surls, Jr. and Steel Built Structures, Inc.".[11] The finding of fraud as to Henry Surls was based upon the factual and legal findings set forth in the Circuit Court's Order granting summary judgment to the Neals as to Count II of the Petition. In that Order the Circuit Court found that Henry Surls made material, false representations to the Neals, that he knew the representations to be false, that the Neals relied on the representations, and were damaged thereby.[12] Those findings correspond to the elements of fraud in Missouri. In *Burris v. Burris*,[13] the Missouri Court of Appeals stated that the elements of a fraud action are: (1) a representation, (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity or his ignorance of its truth; (5) the speaker's intent that his representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the truth of the representation; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.[14] These nine elements of fraud in Missouri constitute common law or actual fraud. The United States Supreme Court recently held that section 523(a)(2)(A) encompasses common law misrepresentation or actual fraud.[15] To prove that a debt for actual or common law fraud is nondischargeable a creditor must prove the following:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2)(A).

**11.** Doc. # 9, Ex. A.

**12.** *Id.* at Ex. B.

**13.** 904 S.W.2d 564 (Mo.Ct.App.1995).

(1) the debtor made a false representation;

(2) at the time the representation was made the debtor knew it was false;

(3) debtor subjectively intended to deceive the creditor at the time he made the representation;

(4) the creditor justifiably relied upon the representation; and

(5) creditor was damaged.[16]

The elements of actual or common law fraud for nondischargeability purposes are, therefore, similar to the elements of actual or common law fraud in Missouri. The only possible distinction is in the level of reliance. In its Order granting the motion for summary judgment as to Count II of the Petition, the Circuit Court found only that the Neals relied on the representations made by Henry Surls. The Court did not find, however, whether that reliance was actual, justifiable, or reasonable.

■ The Supreme Court recently articulated that a creditor must prove that it justifiably relied upon a representation in order to have a debt excepted from discharge pursuant to section 523(a)(2)(A).[17] The Supreme Court distinguished reasonable, justifiable, and actual reliance as follows. It held that reliance may be justifiable even if it does not conform to the standard of a reasonable man. For example, a creditor may justifiably rely on a debtor's statement that his house is free and clear of liens, without going to the recorder of deeds office to check for itself. On the other hand, a creditor is "required to use his senses, and cannot recover if he

**14.** *Id.* at 568 (citing *Clark v. Olson*, 726 S.W.2d 718, 719 (Mo.1987) (en banc)).

**15.** *Field v. Mans*, 516 U.S. 59, 70, 116 S.Ct. 437, 444, 133 L.Ed.2d 351 (1995).

**16.** *AT&T Universal Card Serv. Corp. v. Feld (In re Feld)*, 203 B.R. 360, 365 (Bankr.E.D.Pa. 1996).

**17.** *Field v. Mans*, 516 U.S. 59, 70, 116 S.Ct. 437, 444, 133 L.Ed.2d 351 (1995).

blindly relies upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation."[18] For example, the Supreme Court stated, if a seller represents that a horse is sound when it is apparent that it has one eye, the buyer cannot be said to have justifiably relied upon the representation.[19] In analyzing the level of reliance required in various states for common law fraud actions, the Supreme Court found that five states required reasonable reliance, five states required "mere" reliance, and 36 states "required an intermediate level of reliance, most frequently referred to as justifiable reliance."[20] The Court included Missouri in the 36 states that require justifiable reliance in common law fraud actions.[21] Other Missouri cases also provide that a cause of action for fraud requires more than "mere" or actual reliance. In *Hereford v. Unknown Heirs of Tholozan,* the court held that a grantor was not justified in relying on the opinion of a lay person as to the nature of an interest in land.[22] Likewise, in *Wood v. Robertson,* the Missouri Supreme Court stated that it could not protect those who failed to make any effort to protect themselves from the false representations of others:

> It has been written that, in treating with release cases, this court has gone a long way to protect the foolishly credulous, as consonant with the administration of pure justice; but the courts will not protect those who, with full opportunity to do so, will not protect themselves.[23]

In *McGuire v. Bode,* the court found that in order to sustain an action for fraud in Missouri the plaintiff must demonstrate that he or she justifiably or reasonably relied upon the misrepresentation.[24] And

finally, in *Slone v. Purina Mills, Inc.,* the court held that a cause of action for fraud requires a claimant to prove the following: (1) a representation; (2) its falsity; (3) its materiality; (4) the speakers knowledge of its falsity or his ignorance of the truth; (5) the speaker's intent that his representation should be acted upon by the hearer in a manner reasonably contemplated; (6) the hearer's ignorance or falsity of the representation; (7) the hearer's reliance upon the representation; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximately caused injury.[25] From these cases it is clear that Missouri requires the same level of reliance in order to find fraud that the Supreme Court requires in order to have a judgment debt for fraud held nondischargeable. Since the Circuit Court found that the Neals had sustained their burden in proving fraud, it must have held that they had satisfied all nine elements of fraud in Count II of their Petition. The Circuit Court, therefore, found that the Neals justifiably relied upon Henry Surls' misrepresentation. Thus, I find that as to Henry Surls, the issue sought to be precluded in this proceeding is the same issue that was decided in the Greene County case.

As to Terry Surls, the Circuit Court made no findings of fraud or misrepresentation. Therefore, the Motion for Summary Judgment as to Count I of the Complaint will be denied as to Terry Surls.

■ The second factor the Neals must prove in order to invoke the doctrine of collateral estoppel as to Henry Surls is that the issue must have been litigated in the prior action. The Surls argue that the issue was not litigated because they never

---

**18.** *Id.* (*quoting,* Restatement (Second) of Torts, § 541A, Comment b (1976)).

**19.** *Id.*

**20.** *Id.,* 516 U.S. at 72–73, 116 S.Ct. at 445.

**21.** *See Id.* at n. 12 (citing *Tietjens v. G.M. Corp.,* 418 S.W.2d 75, 81–83 (Mo.1967)).

**22.** 315 S.W.2d 412, 421 (Mo.1958).

**23.** 245 S.W.2d 80, 84 (Mo.1952).

**24.** 607 S.W.2d 165, 167 (Mo.Ct.App.1980).

**25.** 927 S.W.2d 358, 371 (Mo.Ct.App.1996).

filed a response to the motion for summary judgment, and they failed to appear at the hearing on the motion for summary judgment. That argument will not bar the use of the doctrine of collateral estoppel. As the Court stated in *Vaughn v. Quinn (In re Quinn)*, a decision on the part of a defendant not to respond or appear to defend himself will not preclude the doctrine if the plaintiff presented evidence and argument at the hearing.[26] In this case, the Circuit Court entered its Order granting the motion for summary judgment after a hearing. The Circuit Court made detailed findings of fact in the Order as to Henry Surls, and it granted judgment to the Neals based upon those findings of fact. The court did not grant judgment to the Neals based upon the fact that Henry Surls failed to appear. In other words, this is not a default judgment. Courts have refused to give collateral estoppel effect to a default judgment entered because a defendant failed to respond to the Complaint or Petition.[27] In this case, however, the Surls first filed a motion to dismiss on November 12, 1996.[28] They then filed a timely answer to the Petition. In *Quinn*, the court found that an issue has been actually litigated if it was pled, if the defendants filed an answer to the charges, and if the state court received evidence of the charges.[29] In this case, the Neals pled fraud and asked for actual and punitive damages in their Petition. The Surls filed an answer to that petition. Even though the Surls did not respond to the motion for summary judgment, a hearing was held. Even though the Surls chose not to attend the hearing, the Circuit Court made factual findings in its Order granting the motion for summary judgment. In *Meyer v. Asbury (In re Asbury)*, the bankruptcy court refused to give collateral estoppel effect to a default judgment that was devoid of any findings of fact sufficient to meet the requirements that the issue had been litigated.[30] That is not the case here. The Final Judgment relies on the Order granting the motion for summary judgment, and the motion for summary judgment makes specific factual findings. Counsel for the Surls relies on *Silva v. Smith's Pacific Shrimp, Inc. (In re Silva)*, for the premise that collateral estoppel is not appropriate when the state court judgment was entered on the basis of an unopposed motion for summary judgment.[31] I disagree that *Silva* articulates such a bright line rule. In *Silva*, summary judgment was entered against a corporation and all of its employees following an unopposed motion for summary judgment. Silva, as an employee, was told that the company would represent him. Counsel for the company then failed to take any further action on behalf of the employees. It is not clear if a hearing was held on the summary judgment motion, but the Judgment itself that issued therefrom only mentioned Silva one time, as did the fifteen page decision.[32] The Bankruptcy Appellate Panel was, thus, influenced by the fact that Silva was being held liable even though the court had established minimal

---

26. 170 B.R. 1013, 1017 (Bankr.E.D.Mo.1994).

27. *See, e.g., Meyer v. Asbury (In re Asbury)*, 195 B.R. 412, 416 (Bankr.E.D.Mo.1996) (stating that the actually litigated requirement is not satisfied in a default judgment because it is not based upon a showing of evidence).

28. Doc. #11, Ex. 1 (Docket Sheet entry 11/12/96).

29. *Vaughn v. Quinn (In re Quinn)*, 170 B.R. 1013, 1017 (Bankr.E.D.Mo.1994).

30. 195 B.R. 412, 417 (Bankr.E.D.Mo.1996).

31. 190 B.R. 889, 894 (9th Cir. BAP 1995). *But see Younie v. Gonya (In re Younie)*, 211 B.R. 367, 374 (9th Cir. BAP 1997), *affirmed*, 163 F.3d 609 (1998) (Table) (in which the BAP affirmed the decision of a bankruptcy court that gave collateral estoppel effect to a default state court judgement for fraud. The BAP distinguishes *Silva* as applying federal collateral estoppel law, not state law. In *Silva*, the underlying judgment had been in a Federal Court diversity action, and the involved state applied federal collateral estoppel law in diversity cases).

32. *Id.*

conduct on his part.[33] By comparison, the Ninth Circuit has recognized that the litigated element of collateral estoppel does not always require a trial on the merits.[34] In *Gottheiner*, the Ninth Circuit affirmed a finding of collateral estoppel as to a judgment that had been entered based on an unopposed motion for summary judgment.[35] The Court held that the defendant had actively participated in the case and had conducted discovery before deciding the case was not worth the effort, therefore, he had had his day in court.[36] This case more closely resembles *Gottheiner* than it does *Silva*. First, the only defendants in the Greene County case were Henry and Terry Surls and their closely held corporations. The first Petition was filed on August 6, 1996. On September 6, 1996 defendants filed a Motion to Dismiss. On October 18, 1996, the First Amended Petition was filed. Henry Surls then filed an answer on November 12, 1996.[37] Discovery commenced on September 18, 1996. The motion for summary judgment was not filed until November 21, 1997. By that time Henry Surls had been deposed and had been served with Requests for Production of Documents and Request for Admissions.[38] I note that on April 10, 1997, counsel for the Surls filed a Motion to Withdraw as Counsel.[39] But that motion was not granted until September 25, 1997. In the interim, the Surls did not object to the motion, or retain replacement counsel. Under Missouri law, since the Surls answered the petition, and since a hearing was held and detailed findings were made, I find, that the issue of fraud was actually litigated.

The third factor the Neals must prove is that the issue was determined by a valid and final judgment. The Surls do not contest the validity of the Final Judgment entered against them in the Greene County case. They did not move to vacate the judgment, nor did they appeal the decision. I find, therefore, that the Neals have proved the third factor.

Finally, the Neals must prove that the determination of fraud was essential to the judgment in the Greene County case. The Final Judgment in that case provided as follows:

> THE RECORD reflects that summary judgments have been granted to the Plaintiffs and against the above-named Defendants on all counts of the First Amended Petition ... As a result all outstanding claims and issues in the cause have been resolved.

\* \* \*

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiffs have judgment on Count II for fraud against Defendants Henry Surls a/k/a Henry E. Surls, Jr. and Steel Built Structures, Inc., jointly and severally, for $45,176.82 plus $150,000.00 in punitive damages.[40]

The finding of fraud by the Circuit Court was, thus, essential to that court's award of actual and punitive damages. I note that the Supreme Court recently decided that the fraud exception to discharge precludes the discharge of all liability that flows from the fraud, including punitive damages, attorneys fees, and other relief that may exceed the value obtained by the debtor.[41] I, therefore, find that all four factors have been satisfied in this case, and

---

33. *Id.* at 893–94.

34. *United States v. Gottheiner (In re Gottheiner)*, 703 F.2d 1136, 1140 (9th Cir.1983).

35. *Id.*

36. *Id.*

37. Doc. # 11, Ex. 1.

38. Doc. # 11, Ex. 1 (Entries 9/10/96, 10/25/96, and 11/18/96).

39. *Id.* (Entry 4/10/97).

40. Doc. # 9, Ex. A.

41. *Cohen v. De La Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 1219, 140 L.Ed.2d 341 (1998).

the doctrine of collateral estoppel is appropriate. Since the finding of fraud in the Greene County case, and the judgment against Henry Surls that ensued therefrom, is entitled to collateral estoppel in this adversary proceeding, there is no genuine issue of material fact, and the Neals are entitled to judgment against Henry Surls as a matter of law as to Count I of the Complaint. As previously stated, the motion for summary judgment will be denied as to Terry Surls.

An Order in accordance with this Memorandum Opinion will be entered this date.

## SUPPLEMENTAL MEMORANDUM OPINION

### Sept. 10, 1999.

On June 6, 1999, plaintiffs Robert and Cynthia Neal (the Neals) filed a motion for summary judgment, based upon the doctrines of res judicata and/or collateral estoppel, as to Count I of a Complaint to determine the dischargeability of a judgment debt. That motion was granted as to Henry Surls, and denied as to Terry Surls.[1] Thereafter, the Neals submitted Supplemental Suggestions in Support of their Motion for Summary Judgment as to Terry Suns. Those suggestions are treated as a second motion for summary judgment as to Terry Surls. In their second motion the Neals argue that the Circuit Court of Greene County, Missouri (the Circuit Court) pierced the corporate veil of SBS, held that SBS is the alter ego of Terry Surls, and granted them judgment against Terry Suns based upon that theory. They, therefore, claim that because Terry Surls was found to be the alter ego of SBS, any fraud committed by SBS or Henry Surls should be imputed to her.

In his response to the Neals second motion for summary judgment, counsel for Terry Surls argues that whether fraud can be imputed in the Eighth Circuit is a material question of fact, thus, this issue cannot be decided by summary judgment.

Rule 7056 of the Federal Rules of Bankruptcy Procedure provides that Rule 56 of the Federal Rules of Civil Procedure applies when one or both parties moves for summary judgment in an adversary proceeding in this Court. Rule 56 states that "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] This Court can, therefore, grant the second motion for summary judgment in this case only if it determines that the doctrines of collateral estoppel or res judicata operate to preclude it from conducting further proceedings on issues that have been litigated and ruled upon in the Circuit Court case.[3]

■ The only legal issue for this Court to decide is whether fraud can be imputed in the Eighth Circuit. In *Walker v. Citizens State Bank of Maryville, Missouri (In re Walker)*,[4] the Eighth Circuit held that a wife's fraud can be imputed to her husband if her husband either knew or should have known of the wife's fraud.[5] Likewise, fraud can be imputed if one spouse is recklessly indifferent to the other spouse's acts.[6] Whether one spouse

---

1. *See* Doc. # 16, Memorandum Opinion filed August 23, 1999.

2. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Tudor Oaks Limited Partnership v. Cochrane (In re Cochrane)*, 124 F.3d 978, 981 (8th Cir.1997), *cert. denied*, 522 U.S. 1112, 118 S.Ct. 1044, 140 L.Ed.2d 109; Fed. R.Civ.P. 56(c).

3. *Vaughn v. Quinn (In re Quinn)*, 170 B.R. 1013, 1016 (Bankr.W.D.Mo.1994).

4. 726 F.2d 452 (8th Cir.1984).

5. *Id.* at 454.

6. *Id.*

knew or should have known about the other spouse's fraud, or was recklessly indifferent to such fraud, is a question of fact.[7] The Circuit Court made no such factual determination. Thus, since there is a genuine issue of material fact, the second motion for summary judgment against Terry Surls as to Count I of the Complaint will be denied.

An Order in accordance with this Supplemental Memorandum Opinion will be entered this date.